## WESTERN *vs.* ROMAINE.

*In the matter of the Proof of the last will and testament of* BENJAMIN ROMAINE, *deceased.*

IN all cases of contest before a Surrogate's Court, costs may be awarded to the party, in the judgment of the Court, entitled thereto.

When awarded, costs are taxed at the same rates as were allowed for similar services in the Courts of Common Pleas, in the year 1837.

There are no stated terms in the Surrogate's Court. In a case of contest, attorneys' or proctors' fees can be taxed only as for a single trial, except for services in relation to motions or interlocutory proceedings. A charge for copies of the depositions or minutes of the evidence taken by the attorney or proctor, in the course of the trial, is not taxable.

H. M. WESTERN, *for the Contestants.*
A. BOARDMAN, *for the Executors.*

THE SURROGATE. On the taxation of costs in this matter, the rate at which they should be adjudged was disputed. In the Ecclesiastical Courts of England, costs are allowed in testamentary cases, both in original suits and on appeals. (*Shultz* vs. *Pulver,* 3 *Paige,* 185 ; *Williams on Executors,* 286. 310.) This practice never was adopted in this State previous to the Revised Statutes, the Court of Probate having expressly adjudicated, that no authority existed to allow costs. (3 *Paige's Ch. R.,* 185 ; *Reid* vs. *Vanderheyden,* 5 *Cowen's R.,* 719.) By *Section* 10, *Title* 1, *c.* 2, *Part* III., of the Revised Statutes, it was enacted, that in all cases of contest before a Surrogate's Court, costs may be awarded to the parties, in the judgment of the Court, entitled thereto. (2 *R. S., p.* 322, § 23, 3*d ed.*) The Legislature having been silent as to the tariff of fees chargeable, where costs were adjudged in cases of contest, the fee bill of the Court of Chancery seems to have been adopted, so far as it was applicable to proceedings in this Court, until the passage of the Act, " concerning the proof of wills, &c.," in the year 1837. By the 70th Section of that Act, it was

provided, that in all cases where the Surrogate is autho-
rized by law to award costs, he shall tax the costs at the
same rate allowed for similar services in the Courts of
Common Pleas. (*Laws* 1837, *p.* 536.) The rates allowed
at that time in Courts of Common Pleas, were the same as
the Common Pleas costs established by the Revised Sta-
tutes.

The Common Pleas fee bill was modified by the Act
of 1840. (*Laws of* 1840, *c.* 386.) At the present time, by
the operation of the constitution and the code, the Court
of Chancery and the Courts of Common Pleas, are no
longer in existence, and the costs of proceedings to judg-
ment, except on appeals, are the same in all Courts of
record. (*Constitution, Art* XIV. § 8. *Code, Title* 10.)

Unless, therefore, we adhere to the Common Pleas fee
bill, existing in 1837 when the Legislature prescribed the
rate at which costs should be taxed in this Court, the Sur-
rogate is left the naked power of awarding costs, without
any guide or direction as to the amount to be allowed for
specific services or proceedings. But if, on the other
hand, the Act of 1837 is construed to be an adoption,
for costs in Surrogates' Courts, of the rates which then
actually existed in Courts of Common Pleas, we have a
fixed standard, independent of all the changes which have
been subsequently made in relation to Courts of Common
Pleas and costs therein.

I am inclined to adhere to the Common Pleas fee bill,
as existing in 1837, for several reasons. The mode of com-
pensation for services at that time was adapted to the na-
ture of proceedings before the Surrogate, especially in re-
lation to allowances by the folio. The rate of compensa-
tion is moderate, and indicates that in the peculiar class
of cases of which this Court has jurisdiction, it was de-
signed that costs, when granted, should be taxed after the
lowest rate of fees then established by law in Courts of
record. By adopting the Common Pleas fee bill, it is rea-
sonable to presume that the Legislature had directly in

view the identical fees then allowed, and did not intend to make the costs in the Surrogate's Court shift and vary, with every change that might thereafter be made in the model, from which costs in proceedings before the Surrogate had been taken.

It is upon this principle that costs were heretofore taxed in the Circuit Court of the United States, at the same rate as existed in the Supreme Court of this State, when the Act of Congress was passed in 1793, which provided for the same costs in the Circuit Court as were " allowed in the Superior or Supreme Courts of the respective States." (*Conklin's Treatise, p.* 307, *note b.*)

The repeal of the old Common Pleas fee bill, and the abolition of those Courts, have not affected the Act of 1837, which declares that costs in Surrogates' Courts shall be the same as allowed in Courts of Common Pleas.

Taking then the Common Pleas costs of that date for a standard, there remain some points to decide respecting various items of the bill now proposed for taxation.

There are charges contained in the bill as for monthly terms of the Court. This I conceive to be erroneous. There are no stated terms in this Court. It is always open, and its proceedings are continued *de die in diem.* Whatever length of time a case may be continued, I can see no reason why terms of any particular duration should be adopted by construction. This case was pending before the Surrogate for more than two years, adjournments being made and witnesses examined, from time to time, during that period. Still the proceeding has been one and the same, and there has been in fact but one trial ; and except for services in relation to motions or interlocutory proceedings, attorneys' or proctors' fees can be taxed only as for a single trial. The charge for making copies of the depositions of witnesses is also to be tested by the same principle. The witnesses were examined in open Court, their testimony was given on the trial, and although the statute requires " the proofs and examinations" to be reduced to

writing, yet this is in fact done by the Surrogate. These "proofs and examinations" are not similar to depositions taken *de bene esse*, before a Judge out of Court, but are proofs taken in open Court by the Surrogate, and not by the counsel of the respective parties. The counsel have an opportunity of taking notes of the testimony for their own use, as on all other trials, but these are not strictly copies *ipsis verbis* of the depositions as written by the Judge. They are merely minutes of the evidence and cannot be charged for.

This disposes of the most important objection to the bill offered for taxation. The other items may easily be determined by reference to the fee bill.