FRANCIS LEE, executor &c., *appellant, vs.* WILLIAM LEE and others, *respondents.*

A testator directed the residue of his estate to be divided between his brother William, and the children of his deceased sister Ellen, and the daughter of his brother John, in equal proportions, share and share alike. *Held* that a decree of the surrogate, directing a distribution to be made among the legatees *per capita,* giving each of the nephews and nieces an equal share with the brother of the testator, applied the correct rule of distribution.

A surrogate has no authority to award counsel fees, to be paid out of the estate of a decedent, to both of the contesting parties. He can only give costs to the successful party; and they are to be taxed at common pleas rates; that is, as they existed in 1837.

THIS is an appeal from a decree of the surrogate of the county of New York, dated the 14th day of May, 1861, directing the distribution of the estate of the appellant's testator, Hugh Lee. The appeal is taken on the ground that the distribution should have been made among the legatees named in the fourth clause of the will, *per stirpes* and not *per capita.* The clause of the will under which the distribution directed by the decree was made, provides that the residue of the estate shall be divided as follows, viz: "Between my brother William Lee, and the children of my deceased sister Ellen Keany, and the daughter of my brother John Lee, in equal proportions, share and share alike." The surrogate directed a division, in equal shares, between the brother, the daughter of John Lee, and the children of Ellen Keany, namely, one-eighth to each.

*Felix Hart,* for the appellant.

*A. W. Bradford,* for the respondents.

and share alike. The surrogate decreed a distribution among the legatees *per capita*, giving each of the nephews and nieces an equal share with the brother.

The rule as applied by the surrogate was, I think, correct. Had the testator said, "I give to my brother" and to the children of his brother and sister, naming each of them as a legatee, and added "in equal proportions, share and share alike," there would be no doubt of the right of each of the children to an equal share. The mere grouping of the children of Ellen under that title, instead of naming them individually, does not alter the rights of each. It does not appear that the testator intended to divide his estate into classes, from which the intent to adopt a different rule might be inferred. (*Abny* v. *Newman*, 17 *Eng. L. & Eq. Rep.* 125.)

The objection that there was no proof before the surrogate that the children of Ellen were living, is not well taken. They were parties to the proceeding before the surrogate, and were parties to this appeal. No objection of that kind appears to have been made below. We may therefore conclude that all parties assented before the surrogate to the fact of their being alive.

The surrogate allowed to the counsel of the parties counsel fees, to be paid out of the estate. The statute (3 *R. S.* 5th ed. 367, § 25) says that in all cases of contest before a surrogate's court, such court may award costs to the party entitled thereto ; and sub. 23 says that such costs shall be taxed at common pleas rates ; that is, as they existed in 1837.

Before the statute, the surrogate had no power to award costs, and as these provisions confined him to costs to the successful party, I see no authority to award counsel fees to be paid out of the estate to both of the contesting parties.

The portion of the decree directing the payment of the counsel fees should be reversed, and the residue affirmed.

