MARY E. NOYES AND JAMES LOVERIDGE, EXECUTORS OF THE LAST WILL AND TESTAMENT OF ELIZA HEARSEY, DECEASED, APPELLANTS, v. THE CHILDREN'S AID SOCIETY OF THE CITY OF NEW YORK AND OTHERS, RESPONDENTS.

*Surrogate of New York — power of, to allow costs and allowances — 2 R. S., 223, § 10 — § 9 of chap. 359 of 1870.*

Under the provisions of 2 Revised Statutes, 223, section 10, providing that "the surrogate may award costs to the party in his judgment entitled thereto, to be paid either by the other party personally or out of the estate," the surrogate is authorized to award costs to the successful party only, and he has no power to award costs to the defeated contestants.

Section 9 of chapter 359 of 1870, providing that "the surrogate of said county (New York) may grant allowances *in lieu of costs* to counsel in any proceedings before him, in the same manner as are now prescribed by the Code of Procedure," restricts his power to make allowances, to those cases in which he is authorized to award costs under the provisions of the Revised Statutes, and he has, therefore, no power under the said act to make allowances to the unsuccessful parties in cases contested before him.

APPEAL from an order of the surrogate of the county of New York, granting allowances to the counsel for respondents.

The appellants petitioned for the probate of the last will of Eliza Hearsey, dated July 11, 1874. The respondents, legatees under a former will, filed objections thereto.

The trial was commenced on March 5, 1875, and a large amount of testimony was taken.

The surrogate entered his decree, admitting the said will of 1874 to probate on December 30, 1875. Counsel for the respondents, against whom the decision had been rendered, applied for allowances on December 30, 1875, the same day on which the decree was entered. On the following day an order was made granting to C. Minor and D. R. Jaques, proctors for the respondent the Children's Aid Society, an allowance of $2,500 and $764.65 disbursements, and to S. P. Nash, Esq., counsel for St. Luke's Home, $750. From the above-mentioned parts of this order Mary E. Noyes, the principal legatee in the will admitted to probate, and James Loveridge, executor thereof, appealed.

*R. W. DeForest,* for the appellants. The order in question is appealable. (R. S., part 3, chap. 9, title 3, § 104.) Such an order, though discretionary, affects a substantial right, and is appealable. (*The People* v. *N. Y. C. R. R. Co.,* 29 N. Y., 418.) Previous to the Revised Statutes surrogates had no authority to award costs in any case. (*Devin* v. *Patchin,* 26 N. Y., 441 [1863]); *Lee* v. *Lee,* 16 Abb. Pr., 129 ; *Shultz* v. *Pulver,* 3 Paige, 182 ; *Reid* v. *Vanderheyden,* 5 Cow., 719.) By the provisions of the Revised Statutes (2 R. S., 223, § 10, 3d ed. ; 5th ed., vol. 3, 367, § 25) the costs were fixed at the same rates allowed for similar services in the Court of Common Pleas, in the year 1837. (3 R. S. [5th ed.], 367, § 23 ; Laws of 1837, chap. 490, § 70 ; *Devin* v. *Patchin,* 26 N. Y., 441 ; *Wilcox* v. *Smith,* 26 Barb., 316 ; *Western* v. *Romaine,* 1 Brad., 37 ; *In re Christy's Will,* 1 Tucker, 22 [1865] ; *Sherman* v. *Young,* 6 How. Pr., 318 ; *Burtis* v. *Dodge,* 1 Barb. Ch., 77 ; *Halsey* v. *Van Ameringe,* 6 Paige, 12.) The surrogate has no authority to make an arbitrary allowance to counsel in lieu of such costs. (*Devin* v. *Patchin,* 26 N. Y., 441 ; *Reed* v. *Reed,* 52 id., 651 ; *Burtis* v. *Dodge,* 1 Barb. Ch., 91 ; *Wilcox* v. *Smith,* 26 id., 316 ; 1 Brad., 37 ; 6 Paige, 12.) The authority to award costs given to the surrogate by the Revised Statutes only permits him to award costs to the successful party. He has no authority to award costs out of the estate to both of the contesting parties. (3 R. S. [5th ed.], 367, § 25, *supra ; Lee* v. *Lee,* 16 Abb. Pr., 129, Gen. Term, 1st dist., 1863.) The Code confers no authority to award costs or allowances on surrogates or surrogates' courts. (*Devin* v. *Patchin,* 26 N. Y., 441.) The law of 1870 limits the authority of the surrogate to " grant allowances to counsel " to the same manner as prescribed by the Code. It does not authorize any allowance to counsel of the unsuccessful litigant.

*D. R. Jaques* and *H. L. Clinton,* for the respondents.

DAVIS, P. J.:

The respondents were unsuccessful contestants of the will of Eliza Hearsey, of which the appellants were proponents. They claimed under a prior will of the testatrix, in which they were made the residuary legatees. After making a decree admitting

to probate the will propounded by the appellants, which revoked the former will, the surrogate made an order under section 9 of chapter 359 of the Laws of 1870, granting an allowance and disbursements to the counsel of the prevailing party, and granting an allowance and disbursements to the counsel of the Children's Aid Society, and an allowance to the counsel of St. Luke's Home, which corporations were the defeated contestants. The principal question upon the appeal is, whether the surrogate had power to grant allowances in this case to the counsel of the contestants. Previous to the Revised Statutes surrogates had no power to award costs in any case. (*Shultz* v. *Pulver*, 3 Paige, 182 ; S. C., 11 Wend., 363 ; *Reid* v. *Vanderheyden*, 5 Cow., 719 ; *Devin* v. *Patchin*, 26 N. Y., 441, 449.)

The Revised Statutes provided as follows : The surrogate may award costs to the party in his judgment entitled thereto, to be paid either by the other party personally, or out of the estate which shall be the subject of the controversy. (2 R. S., 223, § 10 ; 3 R. S. [5th ed.], 367, § 25.)

This provision was not affected by the Code. (*Devin* v. *Patchin*, 26 N. Y., 441.) So that prior to the act of 1870, only taxable costs could be awarded. And the surrogate had no power to make any allowances, either to a party as additional costs or the counsel as counsel fees. (*Reed* v. *Reed*, 52 N. Y., 651 ; *Burtis* v. *Dodge*, 1 Barb. Ch., 91 ; *Devin* v. *Patchin*, *ubi sup.*; *Lee* v. *Lee*, 39 Barb., 172 ; *Western* v. *Romaine*, 1 Brad., 37 ; *Wilcox* v. *Smith*, 26 Barb., 316.)

In *Lee* v. *Lee* (39 Barb., 172 ; S. C., 16 Abb. Pr., 129) it was held by the General Term of the first district that the Revised Statutes only permitted the surrogate to award costs to the successful party or parties, and that he could not give costs out of the estate to defeated contestants. And this construction accords with the language of the statute which empowers him "to award costs to *the party* in his judgment entitled thereto" — not to both or all parties — "to be paid by *the other party* personally, or out of the estate which shall be the subject of the controversy."

This statute conferred power to adjudge of three things : first, whether costs should be awarded ; second, the party entitled thereto by reason of success in the controversy ; and third, whether they

should be charged *personally* on the other party, or be paid out of the subject in controversy. This was the condition of the law when the enactment of 1870 was made. That act declared that " the surrogate of said county " (New York) " may grant allowances, *in lieu of costs*, to counsel in any proceeding before him, in the same manner as are now prescribed by the Code of Procedure." (§ 9, chap. 359, Laws of 1870, p. 828.) This section has in practice been construed in the broadest and most sweeping sense, and such construction has literally reversed what was said in one of the opinions of the Court of Appeals (*Devin* v. *Patchin*, 26 N. Y., 449), to wit : that " *surrogates cannot lawfully act as almoners of the estates of deceased persons*." The construction of this section seems never to have been presented to an appellate tribunal, but the reason of this fact (if it be one) may perhaps be found in another portion of the opinion just quoted from.

We think a key to the true construction may be found in the plain letter of the act. The power given to the surrogate is to " grant allowances *in lieu of costs*." He may still award costs, if he decide to do so, or *in lieu of them* he may grant allowances. This language very clearly restricts the allowances he may make to the cases in which he may award costs, because he is only empowered to put the allowance in the place of costs.

Hence, in cases where he cannot, in his discretion, give costs, he cannot, in his discretion, grant an allowance. We have already seen that he can only award costs to a successful party, and that his discretion beyond that lies in determining whether he will charge the other party *personally* with the costs, or direct their payment out of the fund. The power conferred by the section is, therefore, no broader in its operation than that given by the Revised Statutes in respect of costs, and is simply an authority to substitute allowances, *in lieu of costs*, in cases where the surrogate can lawfully award costs.

Nor do we think the force of this construction is at all diminished by the fact that the word " allowances," is in the plural. It is obvious that there may be in such litigations several successful persons to whom costs may be awarded, and the form of expression more properly refers to those cases, than to everybody who may happen to be on either side in such a controversy, whether losing or winning. Nor does the reference to the Code seem to us to enlarge the

power of the surrogate. He "may grant allowances in lieu of costs to counsel *in the same manner* as are now prescribed by the Code of Procedure in civil actions."

This is merely saying that his mode of proceeding in granting the allowance shall be restricted by the provisions of the Code in respect to the character of the case, as to its being difficult and extraordinary, or one in which a trial has been had, and in respect to "the subject-matter involved" or "the amount of the recovery or claim," and the limitation imposed thereby upon the extent of the allowance. These things are regulated by section 309 of the Code. That section provides for allowances in addition to costs. The section relating to Surrogates' Courts provides only for allowances in *lieu of costs;* but it is apparent that under either of them no allowance is to be given, unless the case and the party be one to whom *costs* are, or may be awarded. That part of section 309 which provides for actions or proceedings for the partition of real estate, may be eliminated in considering this question. The residue of the section will then read thus : " In difficult and extraordinary cases, where a defense has been interposed, or in such cases where a trial has been had * * *." The court may also, in its discretion, make *a further allowance* to any party, not exceeding five per cent upon the amount of the recovery or claim, or subject-matter involved." The party to whom this further allowance may be made must be a successful one, at least in respect of costs, or the allowance will not be *further*. To ascertain the significancy of the word *"further"* we must look at the several preceding sections of the Code, from which we find that costs are allowed only to " the prevailing party," who is to be ascertained as prescribed by such sections, and it is to him, when so ascertained, that the further allowance can be made. And so, if we import the words " to any party " into the surrogate's section in place of the words " to counsel," we gain nothing, because in either case the allowance must be either a *"further"* one, which is in addition to costs given, or one " in lieu of costs," which implies that costs can be, or may have been given. We think, therefore, that the surrogate has no power under the act of 1870, to make allowances to parties who do not " prevail " in cases contested before him.

He may excuse such parties, if the case be in his judgment a

proper one, from the payment of costs personally, but he cannot take the subject-matter of the contest which he adjudges to belong to the successful party, and distribute it, or any part of it, among his defeated antagonists. A construction which permits that to be done is hostile to the spirit of our laws, which, in cases of established testacy, requires estates to be divided according to the will of the testator, and in cases of intestacy, according to the statute of distributions.

It is also against public policy, for it virtually offers a premium to reckless contestants and their counsel, to prevent the settlement of estates, by promoting litigation and engendering strife, when every interest of the public calls for their speedy adjustment. The intention of the statute was to enable the surrogate, by making reasonable allowances, to compensate executors and administrators, or other prevailing parties, for expenses which might exceed the items and taxable costs; and not to allow him, *ad libitum*, to reward the unsuccessful clamor of defeated litigants. The other construction might lead to great abuses, to the injury of the widows and orphans, and the creditors of deceased persons, whom all courts should be sedulous to protect. It would be a hazardous experiment for a wealthy man to attempt to dispose of his estate by his own will, if it could be distributed at the mere will of the surrogate, amongst the counsel of all who choose to set up whatever pretexts of contests the ingenuity of avarice can devise. We do not mean by these suggestions to indicate that the will in this case was improperly contested; but on the contrary, we think the contestants had probable cause to resist the probate of the will propounded, and that their contest was in all respects fairly conducted, and for that reason we have excused them from costs on these appeals. But we fail to see any reason in law or justice for awarding them out of the estate several thousand dollars, *pro falso clamore.*

Without considering the several other questions presented by the appeal, some of which are fatal to a large portion of the allowance, we think it our duty to reverse the parts of the order appealed from, but without costs.

BRADY and DANIELS, J. J., concurred.

Order reversed, without costs.