---

(61 Misc. Rep. 560.)

### In re KLEEMAN et al.

(Surrogate's Court, Kings County. December, 1908.)

1. WILLS (§ 531*)—CONSTRUCTION—RIGHTS OF DEVISEES.

Testator gave his deceased wife's brother the use of a house and lot for life, after his death the property to be sold and the proceeds divided "between" the testator's wife's brother B., and the children and grandchildren of her deceased sister C. *Held*, that the devisees take per capita.

[Ed. Note.—For other cases, see Wills, Cent. Dig. § 1150; Dec. Dig. § 531.*]

2. WILLS (§ 775*)—CONSTRUCTION—LAPSE OF LEGACY. ·

Testator directed his executors to sell his house as soon as convenient, and divide the proceeds into three parts, one of which was given to testator's brother, the second part to his sister ,and the third part to two children of a deceased brother. *Held* that, where the sister died before testator, her legacy lapsed, and as to her share testator died intestate.

[Ed. Note.—For other cases, see Wills, Cent. Dig. §§ 1997–2000; Dec. Dig. § 775.*]

In the matter of the settlement of the accounts of Carl Kleeman and James E. Wight, executors. Decree rendered.

W. H. Garrison (James C. Cropsey, of counsel), for executors.
Hurry & Dutton, for respondent Estelle L. Hulse.
Edward J. Fanning, special guardian.

KETCHAM, S. The will is in part as follows:

"Fourth. I give to my deceased wife's brother, Alfred Brett, my house and lot located in Mill Street, Matteawan, Dutchess county, N. Y., for his use of his natural life. After his death said house and lot to be sold and the proceeds divided between my wife's brother Frank Brett of Chicago and the children and grandchildren of my wife's deceased sister Adeline Churchill of Manhattan borough. ·

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

"Fifth. I direct my executors to sell my house in St. Marks Place No. 119, as soon as convenient, at private sale or public auction and divide it with remaining personal property into three parts. One part of these I give and bequeath to my brother Josef Gutgesell, the second part to my sister Margareta Kalb and the third part to the two children of my deceased brother, Herman Gutgesell and Maria Zagel."

The will contains a power in the executors to sell real estate. One question is whether the proceeds of the sale contemplated in the fourth paragraph are to be distributed to the wife's brother and the children and grandchildren of the wife's deceased sister per capita or per stirpes. A devise to one person named and to others indicated generally as children of another person is a disposition per capita, unless a contrary intention can be extracted from the will. Ferrer v. Pyne, 81 N. Y. 281; Vincent v. Newhouse, 83 N. Y. 505. This rule has been accepted with distrust and reluctance in this state, and our courts have permitted it to survive only within the limitation that it will not be followed if there is "a faint glimpse of a different intention manifested in the will." Cases cited, supra, and Woodward v. James, 115 N. Y. 346, 22 N. E. 150; Bisson v. West Shore R. R. Co., 143 N. Y. 125, 38 N. E. 104. This does not mean that a stray glimmer of the contrary intention from one corner of the will shall supply the only light under which construction shall proceed. The will must be read in all the light which its contents may yield, and only when the reluctant ray, however faint, reveals any intention to provide for the per stirpes distribution, is the general rule to be escaped.

It is insisted that the direction in the fourth paragraph, that the distribution shall be made "between" persons,. more than two, carries the narrower grammatical meaning that the distribution shall be by the twain, and indicates a purpose that the wife's brother shall have one half and the remaining beneficiaries shall have the other half among them. This argument overworks the word "between." In spite of its primary meaning, it is often made to express the idea of distribution among more than two, not only in common discourse, but by writers of good English. The fourth paragraph itself indicates that the testator contemplated a distribution among individuals and not classes, and that the fact of a distribution along lines of race was not in his mind. Not only the children but the grandchildren of the deceased sister are included in the provision; and it is within the beneficial purpose that a grandchild, whose parent is living, shall take a share equal to its parent's share. It cannot be imagined that the idea of representation by stock was in the mind of a testator whose will ordained that the ancestor of the stock should share equally with his descendants.

In the fourth and fifth paragraphs the testator deals with two funds substantially alike in their nature and in their relation to his general estate. The beneficiaries named in each paragraph bear a like, though not identical, relation to each other and to the testator's

grace and consideration. If, then, the will surrounds one fund with apt and deliberate expressions which manifest a desire that it shall not be disposed of under the prima facie rule and refrains from similar expressions with regard to the other fund, one fund is manifestly outside the general rule, where the testator has placed it, and the other within its control, where he has left it. In the fifth paragraph one of these funds is divided into three portions, so that of four persons two shall receive one-third each and the other shall go to two persons representing the stock of the testator's deceased brother.

Here is a determined purpose, wrought into precise language that, as to the fund in question, the division is not to be proportioned to the number of beneficiaries. No such purpose is expressed in the fourth paragraph. None is implied in that paragraph, unless it be by the word "between." That implication is not the necessary result of the word, and, even if it were, its intimations would be too slight to prevail over the manifest intention to the contrary, which is derived from the other parts of the will hereinbefore considered.

The remaining question is presented by the fact that Margareta Kalb, to whom in the fifth paragraph was given one-third of the proceeds to be derived from the sale of real estate, died before the testator. Upon her death the provision in her behalf lapsed, and as to the share covered thereby the testator died intestate. Real Property Law (Laws 1896, p. 569, c. 547) § 56; Matter of Wells, 113 N. Y. 396, 21 N. E. 137, 10 Am. St. Rep. 457; Matter of Kimberly, 150 N. Y. 90, 44 N. E. 945.

The decree should conform to these views.

Decreed accordingly.