In the Matter of the Judicial Settlement of the Accounts of MARK J. TOVELL, as Executor of the Last Will and Testament of LAURA A. MOODY, Deceased.

Surrogate's Court, Niagara County, February, 1924.

**Wills — construction — when residuary estate of testatrix must be distributed per capita.**

Where testatrix directed her residuary estate to be divided among the children of L., a deceased niece of the testatrix, her brother and six nephews and six nieces share and share alike for their own use absolutely, and there is nothing in the context of the will indicating a different intention, the residuary estate must be distributed *per capita* among the three surviving children of L. and the other thirteen residuary legatees.

PROCEEDINGS to settle accounts of executor.

*Donald S. Moore*, for executor.

*Frank E. Stockwell* (*George B. McKibbin*, of counsel), special guardian for infant parties.

*David Tice*, for Irving W. Wheeler and others.

HICKEY, S.    Laura A. Moody, a resident of the city of Lockport, N. Y., heretofore died, leaving a last will and testament, which has been admitted to probate in this court. The executor has now filed his account and asks to have it judicially settled and allowed.

Irving W. Wheeler, a nephew of testatrix, and a residuary legatee, in his own behalf, and in behalf of four others of a large number of residuary legatees, has come in and filed a petition for a construction of the fourth or residuary clause of the will, which reads as follows:

"*Fourth.* All the rest, residue and remainder of my estate of every name and nature and wherever situate to be divided equally among the children of Lorena L. Beresford, my brother, Edward D. Wheeler, my nephews, Charles E. Wheeler, Fred H. Wheeler, Fred H. Johnson, Lyman H. Wheeler, Irving W. Wheeler, Louis E. Gilrie, my nieces, Mary H. Chormann, Martha R. Warner, Mary A. Walker, Louise E. Walker, said Christi Johnson and said Jennie Gilrie, share and share alike, for their own use absolutely."

From a preceding clause in the will, it appears that Lorena L. Beresford, a deceased niece of testatrx, left her surviving three minor children for whom a special guardian has been appointed. They also appear by special counsel.

The question presented is whether the three children of Lorena

L. Beresford are to share in the residuary estate *per stirpes* or *per capita*.

If the *per stirpes* rule for which Mr. Wheeler and those in whose behalf he petitions is to be applied, the residuary estate must be divided into fourteen parts, one of which parts is to pass collectively to the three children of Lorena L. Beresford, and the other thirteen parts are to pass, one part each, to the other residuary legatees. If the *per capita* rule is to be applied, then the residuary estate must be divided into sixteen parts, and each of the three children of Lorena L. Beresford will be entitled to one part, the same as each of the other thirteen residuary legatees. The special guardian and special counsel are contending for a *per capita* distribution, while Mr. Wheeler and those for whom he petitions are contending for a *per stirpes* distribution.

If the question presented were an original one, I would be inclined to hold that distribution should be *per stirpes* and not *per capita*. The law, however, seems to be too well settled in favor of a *per capita* distribution in such cases to permit distribution according to any other rule, and I find nothing in the context of the will indicating any different intention on the part of the testatrix.

It would serve no useful purpose for me to attempt to set forth in detail the reasons which lead me to conclude that the argument in favor of a *per capita* distribution must prevail; nor would it be profitable to attempt to answer in detail the arguments presented by the learned counsel for the residuary legatees who are contending for a *per stirpes* distribution. It is sufficient to say that he has not been able to call my attention to any authority where, upon a similar state of facts, a distribution *per stirpes* has been ordered and sustained. On the other hand, not only the text books, but a large number of decided cases upon a similar state of facts have held that distribution must be *per capita*. Among the authorities holding that a *per capita* distribution must be made, the following are most nearly in point: *Lee* v. *Lee*, 39 Barb. 172; 16 Abb. Pr. 127; *Myers* v. *Myers*, 23 How. Pr. 410; *Matter of Kleeman*, 61 Misc. Rep. 560; *Petry* v. *Petry*, 186 App. Div. 738.

It is true that the effect of the decision in the case last cited has been modified to some extent by section 47a of the Decedent Estate Law, enacted since the decision was handed down. Such modification, however, does not go so far as to weaken the decision as an authority on the question here presented.

It might be noted in passing that if the *per stirpes* rule were to be applied to the Beresford children, in the case at bar, it ighmt occur to some one interested to suggest that it also be applied

as between Edward D. Wheeler, brother of testatrix and a residuary legatee, and the other residuary legatees who stand in a different degree of relationship to her.

It follows that the residuary estate of testatrix must be divided into sixteen parts, and distributed *per capita* among the three children of Lorena L. Beresford and the other thirteen residuary legatees.

So ordered.

Decreed accordingly.