In the Matter of the Estate of MARY JANE McSHANE, Deceased.

Surrogate's Court, Kings County, March 25, 1936.

*Philip J. Termini,* for the executrix, Elizabeth G. Termini.

*Edward A. McShane,* for Elizabeth McShane and others, respondents.

*Edward A. McShane,* special guardian for infant respondents.

*Eugene R. Brennan,* special guardian for Rosina Termini, legatee.

WINGATE, S. Only one question of testamentary interpretation has survived the hearing, the others having been decided from the bench. This concerns the seventh item of the will which reads: " The remainder of jewelry, to be divided *between* Rosina Termini and the daughters of my son, Edward A. McShane." (Italics not in original.)

The question is as to the meaning to be attributed to the italicized word. There are seven daughters of testatrix's son, Edward A. McShane, and it is their contention that the word " between " should be given the connotation of " among " so that each is to receive one-eighth of the jewelry to which reference is made. The opposing position is that such jewelry is to be divided into two parts,

of one of which Rosina is to be the recipient while the other passes to Edward's daughters collectively.

The chief reliance of the latter is placed upon the determination of a distinguished former surrogate of this court in *Matter of Kleeman* (61 Misc. 560, 562) and on certain language in *Ferrer* v. *Pyne* (81 N. Y. 281) and *Vincent* v. *Newhouse* (83 id. 505). While both of the latter cases note that certain early English authorities adjudicated a *per capita* distribution under language making a gift " between " an individual and a class, the former calls attention to the fact that " the rule referred to has, in modern times, been applied with reluctance, by some courts, because it had become a rule of property, and by others out of deference to its supposed authority; but in many, if not in all cases, with open protest, while by others it has been wholly rejected." The opinion then continues: " It is, however, not necessary for us to go to that extent, because wherever the rule is adopted it is also held that it is to be governed by the context, and as is said will yield ' to a very faint glimpse of a different intention.' " Both cases refused to apply the rule, wherefore the *Kleeman* case appears to be the only authority in this State which has effectuated it. *Matter of Moody* (122 Misc. 541), also cited in support, involved an essentially different question.

The indicated avenue of escape from application of the rule which is furnished by " a very faint glimpse of a different intention " is reminiscent of the substantially identically worded excuse from application of the similar rule of *Soper* v. *Brown* (136 N. Y. 244) as stated in many subsequent cases. (*Matter of Farmers' L. & T. Co.*, 213 N. Y. 168, 173.) Both rules favoring *per capita* distributions over stirpital ones were anachronistic even before their first application in this State, and since the latter was abolished in 1921 (Dec. Est. Law, § 47-a, as added by Laws of 1921, chap. 379) there can be no present obligation for a renascence of the former.

The Standard Dictionary states respecting the word " between " that it " is strictly applicable only with reference to two things, but this may be understood as including cases in which a number of things are discriminated collectively as two wholes, or as taken in pairs, or where one thing is set off against a number of others; *among* is used in cases of distributive discrimination."

Counsel for the children of Edward has cited certain decisions from other States which have construed " between " to mean " among " in gifts similar to the present. Even a casual inspection of precedents will, however, disclose a still greater number which have declined so to do. Among these may be cited the language of the Supreme Court of Pennsylvania in *Ihrie's Estate* (162 Penn. St. 369; 29 A. 750) with the observations of which this court is in

full accord. It is said (at p. 372): " The word ' between ' refers properly to two, and not more. It is true that it is not unfrequently used, especially by the uneducated, and colloquially, in the sense of ' among,' as referring to more than two objects. But that admittedly is not its correct use. The presumption is in favor of the proper and correct use of words, whether technical or belonging to the language of ordinary life. * * * The great mass of the words even of illiterate persons are used correctly. The lapses are only occasional, or the language would cease to serve the purposes of communication."

For the benefit of any who may be so steeped in eighteenth century legal lore as to feel that the decisions of early English worthies in this regard still merit lip service, attention may be invited to the fact that the entire tenor of the present will demonstrates a marked preference for testatrix's daughter, Elizabeth, whose daughter Rosina is. The division of the estate is furthermore primarily based on a division of her assets between this daughter and her son, Edward. These two facts are sufficient to give at least " a very faint glimpse " of an intention for a distribution in accordance with the natural and proper connotation of the words employed.

It is accordingly determined that Rosina is entitled to one-half of " the remainder of the jewelry," the balance thereof being distributable *pro rata* among the daughters of Edward.

Enter decree on notice.