S. Samuel Di Falco, S.
In this accounting proceeding a construction is requested as to the disposition of a terminated trust heretofore held for the benefit of the testatrix’ son. The primary gift of the trust remainder is to the income beneficiary’s issue, but he died without leaving descendants. In such event article third of the will provides that the fund be ‘1 divided among the brothers and sisters and children of deceased brothers and sisters of the child so dying, such living brother and sister to take one equal share thereof and the issue of any deceased brother or sister to take by representation the share their parent would have taken if living.”
The sole surviving daughter of testatrix and children of deceased sons argue that only surviving children of the testatrix and grandchildren, as representatives of deceased children of the testatrix, were intended to take the gift of the remainder. More remote descendants of deceased brothers and sisters say that, because their ancestors in the line of ascent are dead, they are included as “ issue of any deceased brother or sister to take by representation the share their parent would have taken if living.”
This court recently treated with this problem in Matter of Whittemore (25 Misc 2d 309, mod. on other grounds and affd. 12 A D 2d 904, motion for leave to reargue denied 13 A D 2d 629) and, in deciding the basic question as to whether the testator in his use of the word “ children ” intended to include more remote descendants, said (p. 311): “ Many authorities can be cited in *634 support of both sides of the controversy. In the most recent case pertaining to the question decided by the Court of Appeals (Matter of Villalonga, 6 N Y 2d 477), the court held that the word 1 children ’ as used by the testator did not include grandchildren and cited with approval the rule set down in Matter of Schaufele (252 N. Y. 65). As therein stated (pp. 67-68) the rule is grandchildren are never interpreted as children unless the will as a whole shows that unmistakable intent. The term can be so interpreted only when reason demands it [citing cases].”
The court in this case cannot find the ‘ ‘ unmistakable intent ’ ’ required in the language relied upon by the more distant kin. When the testatrix executed her will, in 1877, a gift to brothers and sisters and the children of deceased brothers and sisters could have been construed as requiring capital distribution among all qualifying persons with the result that all persons, of whatever degree of relationship, would take equal shares (Myres v. Myres, 23 How. Pr. 410; Matter of Kleeman, 61 Misc. 560). By use of the words “ and the issue of any deceased brother and sister to take by representation the share their parent would have taken if living ”, the testatrix did not intend to enlarge the class of remaindermen but merely provided for stirpital distribution among the children of deceased brothers and sisters.
The court can find no merit to the argument that this will has already been construed by the Supreme Court in connection with the termination of another trust. (Matter of del Pino, 111 N. Y. S. 2d 504, affd. 282 App. Div. 670, affd. 306 N. Y. 891.) Submit decree on notice construing the will and settling the account accordingly.