(20 Misc. Rep. 319.)

## SHAPED SEAMLESS STOCKING CO. v. SNOW, CHURCH & CO.

(Supreme Court, Appellate Term.   May 28, 1897.)

1. PARTIES—SUBSTITUTION—RECEIVERS.

Code Civ. Proc. § 756, provides that, "in case of a transfer of interest or devolution of liability, the action may be continued by or against the original party, unless the court directs the person to whom the interest is transferred," etc., to be substituted in the action. *Held*, that it is discretionary with the court to refuse substitution, whether the transfer of interest is voluntary or by operation of law, as in case of the appointment of a receiver of a party.

2. SAME—RECEIVER IN SEQUESTRATION PROCEEDINGS.

It is not necessary that a receiver of a corporation appointed in sequestration proceedings pending an action by the corporation should be substituted as plaintiff, but the action may proceed in the name of the corporation.

Appeal from city court of New York, general term.

Action by the Shaped Seamless Stocking Company against Snow, Church & Co. From an affirmance of an order denying a motion by George L. Montague, the receiver of plaintiff, to be substituted as plaintiff in the action (44 N. Y. Supp. 221), said Montague appeals. Affirmed.

Argued before DALY, P. J., and McADAM and BISCHOFF, JJ.

Thomas Gilleran, for appellant.

James Flynn, for respondent.

DALY, P. J.   The receiver's motion was made under the provision of the Code:

"In case of a transfer of interest or devolution of liability, the action may be continued by or against the original party, unless the court directs the person to whom the interest is transferred, or upon whom the liability is devolved, to be substituted in the action, or joined with the original party, as the case requires." Code, § 756.

The city court denied the application of the receiver, on the ground that the attorney for the plaintiff had a much larger interest in the prospective recovery in the action than the plaintiff or its receiver, and that the interference of the receiver, whose appointment it was believed the defendant's attorney was instrumental in effecting, might be injurious to the interest of the plaintiff. As the granting or refusing of the motion for substitution seems to be discretionary with the court, there is nothing to review on this appeal.

It is argued, however, by appellant, that, while it may be within the discretion of the court to refuse substitution where the transfer of interest is voluntary, the right to substitution is absolute where the devolution of interest is by law, as in the case of the appointment of a receiver and the transfer of all the plaintiff's property to him. The Code makes no such distinction, nor is any case to be found which observes it. On the contrary, the section quoted requires that the action shall proceed in the name of the original party unless the court orders otherwise. The case is not the same as where, by the death of a party, the action abates until revived against the heirs or personal representatives, because no person is before the court to prosecute or defend, as in Requa v. Holmes (cited

by the appellant) 16 N. Y. 193. This corporation plaintiff is still in existence; the receiver not having been appointed in a proceeding to dissolve it, but in a proceeding to sequestrate its property to satisfy a creditor.

Platt v. McMurray, 63 How. Prac. 149, and Vieller v. Brown, 1 Law Bul. 49, are relied upon by the appellant; but the former went no further than to hold that it was not improper to substitute an assignee in bankruptcy as a party, and in the latter no opinion appears to have been written. In cases of bankruptcy of the party, the substitution of his assignee in bankruptcy is invariably granted, as without him the action becomes thereby defective. Requa v. Holmes, above, and cases cited. I find no authority for holding that the rule in cases of bankruptcy applies to a party and his receiver in cases of sequestration under the Code. The substitution of one receiver for another is not indispensable, but the case may proceed in the name of the original plaintiff. Hegewisch v. Silver, 140 N. Y. 420, 35 N. E. 658.

Order affirmed, with costs. All concur.