WILLIAM J. FITZPATRICK, Respondent, *v.* CHARLES H. MOSES and Others, Defendants.

FRANK H. PARSONS, the Receiver of WILLIAM J. FITZPATRICK, Appellant.

*Receiver appointed in supplementary proceedings — his rights as against an assignee of the debtor — his substitution in a pending litigation — rights of the attorney in such suit.*

Subdivision 4 of section 2469 of the Code of Civil Procedure, providing that that section does not affect the title of a purchaser in good faith, without notice and for a valuable consideration, or the payment of a debt in good faith and without notice, only applies to a purchase or payment made prior to the filing of the order appointing a receiver, and the title of the receiver to claims upon which the judgment debtor has brought suit is superior to that of an assignee of the judgment debtor under an assignment made subsequent to the filing of the order appointing the receiver.

*Semble*, that in such a case the granting of an order substituting the receiver as the party plaintiff, in place of the judgment debtor, rests in the discretion of the court, and that where the interest of the receiver is small, as compared with that of other parties interested in the litigation, or other facts appear, upon which the court can exercise a legal discretion and refuse the relief, an appellate court will not interfere with its decision.

If the order of substitution be granted it should provide for the protection of such rights as the attorney for the plaintiff may have, and such attorney should be permitted to actively continue in the litigation if he so elects, in order that he may care for his interests therein.

APPEAL by Frank H. Parsons, the receiver of William J. Fitzpatrick, appointed in proceedings supplementary to execution, from an order of the Supreme Court, made at the Kings County Special Term and entered in the office of the clerk of the county of Kings on the 14th day of October, 1898, denying his motion to be substituted in the place and stead of William J. Fitzpatrick, as plaintiff in this action.

*Edward P. Lyon*, for the receiver, appellant.

*William P. Pickett*, for the plaintiff, respondent.

HATCH, J.:

By the provisions of section 2468 of the Code of Civil Procedure, title to the property of a judgment debtor becomes vested

in a receiver who duly qualifies, immediately upon the filing of the order appointing such receiver. (*McCorkle* v. *Herrman*, 117 N. Y. 297.) The exceptions to this provision of the Code are not applicable to the present case. When the title to the property has vested as prescribed in this section, it relates back to the service of the order for the examination of the judgment debtor by virtue of the following section — 2469. The only exception at all pertinent to the present question is found in subdivision 4 of the last section, which provides that this section does not affect the title of a purchaser in good faith, without notice and for a valuable consideration, or the payment of a debt in good faith and without notice. This section does not create any limitation upon section 2468, as, by the provisions of that section, the title absolutely vests upon the filing of the order, when the receiver has qualified. The protection afforded to a *bona fide* purchaser, or the payee of a debt in good faith, has reference to a purchase or payment prior to the appointment of the receiver. (*Matter of Clover*, 8 App. Div. 556.) This was also the rule under the former chancery practice. (*Storm* v. *Waddell*, 2 Sandf. Ch. 494.) In no event, can any rule furnished by the aforementioned section of the Code find application favorable to the assignee of the claims in suit, from the plaintiff in the action, as the claims were not assigned prior to the filing of the order appointing the receiver. It is clear, therefore, that the receiver, as he has duly qualified, is vested with the legal title to the claims in suit, and is entitled to reduce the same to his possession and control. Being so legally entitled, he ought to be placed in a position where he may protect his rights to the fullest extent. As the law imposes a duty upon him of vigilance in securing and protecting the property of the judgment debtor, for the benefit of the judgment creditor, courts ought to place him in a position where he may best discharge such duty, when they have the legal right so to do, especially where no superior or equal lienor makes a claim.

It seems to us, therefore, that the application for substitution was proper and even necessary for the protection of the right represented by the receiver. Authority for such course is found in section 756 of the Code of Civil Procedure. It is said, however, that the granting of such order is discretionary with the court, and as the court below denied the motion, in the exercise of dis-

cretion, this court will not interfere. It is true that the granting of the order is discretionary; and where the court can see that the interest of the receiver is small as compared with that of other parties interested in the litigation, or other facts appear upon which the court can exercise a legal discretion and refuse the relief, courts, upon appeal, will not interfere. (*Shaped Seamless Stocking Co.* v. *Snow, Church & Co.*, 20 Misc. Rep. 319.)

In the present case, however, the court did not exercise its discretion. The determination went upon the ground that the legal right of the assignee was superior to the title of the receiver. This, as we have seen, was a mistake of law, and in no sense the exercise of discretionary power. The fact that the assignee is not a party to the action creates no obstacle. The right of the receiver is to have whatever interest was in the judgment debtor at the time of his appointment, and in this litigation the receiver simply takes the judgment debtor's place. This in no wise affects the legal rights of the assignee. She is not estopped or affected by the terms of the order of substitution, and can at any time assert any legal right of which she is possessed. The order of substitution of the receiver, however, should provide for the protection of such rights as the attorney for the plaintiff may have, and he should be permitted to actively continue in the litigation, if he so elects, that he may care for his interest therein.

. The order should be reversed and the motion for substitution should be granted.

All concurred.

Order reversed, with ten dollars costs and disbursements, and motion for substitution granted.