### FITZPATRICK v. MOSES et al.

(Supreme Court, Appellate Division, Second Department. November 29, 1898.)

1. EXECUTIONS—RECEIVERS—SUPPLEMENTARY PROCEEDINGS—RIGHT TO CHOSES IN ACTION.

Code Civ. Proc. § 2468, providing that title to the property of a judgment debtor becomes vested in a receiver, who duly qualifies, immediately upon the filing of the order appointing such receiver, and section 2469, providing that such title relates back to the service of the order for examination of the judgment debtor in supplementary proceedings, excepting (subdivision 4) that the title of a purchaser in good faith, without notice, and for a valuable consideration, or the payment of a debt in good faith and without notice, shall be protected, entitle a receiver in supplementary proceedings to the debtor's claims in action, as against an assignee of them after the filing of the receivership order.

2. SAME—HOW PROTECTED.

An order of substitution is a proper remedy for the protection of his rights by a receiver in supplementary proceedings, where the debtor has put his choses in action into suit.

3. APPEAL AND ERROR—DISCRETION OF TRIAL COURT—REVIEW.

While Code Civ. Proc. § 756, authorizing the transferee of an interest in action to be substituted or joined with the original party, as the case requires, makes it discretionary whether a receiver in supplementary proceedings shall be substituted for his debtor suing on claims, yet where an order of substitution was denied, on the ground that the legal right of plaintiff's assignee was superior to the receiver's, the review of such order is not a review of discretion.

4. PARTIES—SUBSTITUTION—NECESSARY PARTIES TO MOTION.

The debtor's assignee of a claim in action is not a necessary party to a motion by a receiver in supplementary proceedings to be substituted for the debtor as plaintiff, because the receiver merely stands in the debtor's place.

Appeal from special term, Kings county.

Action by William J. Fitzpatrick against Charles H. Moses and others. From an order denying a substitution as plaintiff of Frank H. Parsons, receiver of plaintiff, duly appointed in supplementary proceedings to aid execution, the receiver appeals. Reversed.

Argued before GOODRICH, P. J., and CULLEN, BARTLETT, HATCH, and WOODWARD, JJ.

Edward P. Lyon, for appellant.
William P. Pickett, for respondent.

HATCH, J. By the provisions of section 2468 of the Code of Civil Procedure, title to the property of a judgment debtor becomes vested in a receiver, who duly qualifies, immediately upon the filing of the order appointing such receiver. McCorkle v. Herrman, 117 N. Y. 297, 22 N. E. 948. The exceptions to this provision of the Code are not applicable to the present case. When the title to the property

has vested as prescribed in this section, it relates back to the service of the order for the examination of the judgment debtor, by virtue of the following section (2469). The only exception at all pertinent to the present question is found in subdivision 4 of the last section, which provides that this section does not affect the title of a purchaser in good faith, without notice, and for a valuable consideration, or the payment of a debt in good faith and without notice. This section does not create any limitation upon section 2469, as, by the provisions of that section, the title absolutely vests upon the filing of the order, when the receiver has qualified. The protection afforded to a bona fide purchaser or the payee of a debt in good faith has reference to a purchase or payment prior to the appointment of the receiver. In re Clover, 8 App. Div. 556, 40 N. Y. Supp. 886. This was also the rule under the former chancery practice. Storm v. Waddell, 2 Sandf. Ch. 494. In no event can any rule furnished by the aforementioned section of the Code find application favorable to the assignee of the claims in suit from the plaintiff in the action, as the claims were not assigned prior to the filing of the order appointing the receiver. It is clear, therefore, that the receiver, as he has duly qualified, is vested with the legal title to the claims in suit, and is entitled to reduce the same to his possession and control. Being so legally entitled, he ought to be placed in a position where he may protect his rights to the fullest extent. As the law imposes a duty upon him of vigilance in securing and protecting the property of the judgment debtor, for the benefit of the judgment creditor, courts ought to place him in a position where he may best discharge such duty, when they have the legal right so to do, especially where no superior or equal lienor makes a claim.

It seems to us, therefore, that the application for substitution was proper, and even necessary, for the protection of the right represented by the receiver. Authority for such course is found in section 756 of the Code of Civil Procedure. It is said, however, that the granting of such order is discretionary with the court, and, as the court below denied the motion, in the exercise of discretion, this court will not interfere. It is true that the granting of the order is discretionary, and where the court can see that the interest of the receiver is small, as compared with other parties interested in the litigation, or other facts appear upon which the court can exercise a legal discretion and refuse the relief, courts, upon appeal, will not interfere. Shaped Seamless Stocking Co. v. Snow, Church & Co., 20 Misc. Rep. 319, 45 N. Y. Supp. 849. In the present case, however, the court did not exercise its discretion. The determination went upon the ground that the legal right of the assignee was superior to the title of the receiver. This, as we have seen, was a mistake of law, and in no sense the exercise of discretionary power. The fact that the assignee is not a party to the action creates no obstacle. The right of the receiver is to have whatever interest was in the judgment debtor at the time of his appointment, and in this litigation the receiver simply takes the judgment debtor's place. This in no wise affects the legal rights of the assignee. She is not estopped or affected by the terms of the order of substitution, and can at any time assert any

legal right of which she is possessed. The order of substitution
of the receiver, however, should provide for the protection of such
rights as the attorney for the plaintiff may have, and he should be
permitted to actively continue in the litigation, if he so elects, that
he may care for his interest therein.

The order should be reversed, and the motion for substitution
should be granted.

Order reversed, with $10 costs and disbursements, and motion for substitu-
tion granted. All concur.