KLOEPFER et al. v. MAHER et al.

(Supreme Court, Appellate Term. June 22, 1903.)

1. CONTRACTS—SEVERAL ACCOUNTS—PAYMENT—APPLICATION—PRESUMPTION.

    Where, in four separate contracts, plaintiff undertook to do work on four separate buildings, and payments were made to plaintiff from time to time, and plaintiff sued for work on the third building, after the first three were finished, in the absence of evidence that the payments were to apply to any particular contract it would be presumed that they were intended to extinguish the earlier rather than the later debts, and to have extinguished the claims for the first three buildings.

Appeal from Municipal Court, Borough of Manhattan, Eleventh District.

Action by William Kloepfer and others against John Maher and another. From a judgment in favor of plaintiffs, defendants appeal. Reversed.

Argued before FREEDMAN, P. J., and GILDERSLEEVE and MacLEAN, JJ.

James Kearney, for appellants.
Phillips & Avery, for respondents.

MacLEAN, J. In 1902 the plaintiffs undertook, in four separate agreements, to do certain work in four separate buildings, namely, St. Rose's Church for $2,200, the Armory building on Bathgate avenue for $1,180, St. Veronica's Church for $1,700, and in a building on Commerce street for $230, aggregating together $5,310. When the work on all, saving St. Veronica's Church, had been completed, the plaintiffs brought this action, making no mention of the other jobs, but alleging the performance of their agreement respecting the Armory building for $1,180, with certain extra work of the value of $75, together amounting to $1,255, and setting forth that only the sum of $770 had been paid on account, leaving a balance due the plaintiffs from the defendants of $485, with interest, for which the plaintiffs recovered judgment. In their answer the defendants set up at length the entering into the four agreements for work on the several buildings, to be paid for by the defendants in each instance upon the completion of the work specified in the respective agreements; that all the work had been performed, except in St. Veronica's Church, which the plaintiffs had abandoned, leaving work worth $650 to be done; and that they, from time to time, in anticipation and on request, had paid the plaintiffs the sum of $4,900. In other words, according to the answer, the defendants had more than paid the plaintiffs for all the jobs completed, and the only things between the parties were the respective claims relating to the work upon St. Veronica's Church, which had been completed in part, and paid for in part. This contention was supported by an account rendered by the plaintiffs to the defendants, in which were stated, as separate items, the sums for which the four jobs had been undertaken, aggregating, with certain extra work, the sum of $5,502, upon which the plaintiffs had credited

¶ 1. See Payment, vol. 39, Cent. Dig. § 123.

20 payments, in sums ranging from $100 to $500, and amounting to $4,900, as stated above. As there was no proof in the case that either party applied or was to apply the payments to any particular contract, the legal presumption was that they were intended to extinguish the earlier rather than the later debts, and that therefore the plaintiffs had no claim against the defendants for the work upon the armory contract, as that was extinguished. Judgment, therefore, was erroneous, and should be reversed.

Judgment reversed and new trial ordered, with costs to appellants to abide the event. All concur.