FARM SUPPLIES CORPORATION, a Corporation, Respondent, *v.* MINNIE GOLDSTEIN, Appellant, Impleaded with MAX ZALL and Others, Defendants.

Third Department, March 15, 1934.

*Ellsworth Baker,* for the appellant.

*Watts, Oakes & Bright* [*John Bright* and *Abram F. Servin* of counsel], for the respondent.

HILL, P. J. The defendant, Minnie Goldstein, owner of real property upon which a hotel has been erected, appeals from a judgment of foreclosure and sale in an action brought by the plaintiff to foreclose its lien for materials used in the construction of the hotel. The contractor, Max Zall, is a defendant in the action but does not appeal.

There was an agreement in writing, dated October 23, 1922, between the owner and the contractor, for the erection of a new building and the repair of an old one, for which he was to receive $60,000. It was the known intention of the owner to continue her summer hotel business in the proposed enlarged structure. To permit this, it was agreed that the work should be completed on or before June 10, 1923. The contract provided " the time [of completion] being of the essence." Twenty thousand dollars of the contract price was payable in installments as the work progressed; as to the balance, " Five Thousand Dollars to be paid during the summer season of 1923; Fifteen Thousand Dollars to be paid during the years of 1924 and 1925 and the mortgage of Twenty Thousand Dollars bearing interest at the rate of 6% per annum from May 1st, 1923, and which principal sum shall be paid within a period of three years from May 1st, 1923, the amounts to be paid in each year to be decided upon at the execution of said mortgage." While the buildings were yet uncompleted in May, 1923, the contractor ceased to give attention to the work, he says because he was discharged — plaintiff's representatives say that he abandoned the contract. The work was continued by the contractor's foreman.

The decision of the referee contains no findings as to the amount either paid to or earned by the contractor, but adopts his contention that he was discharged and determines: "At the time of his said discharge said defendant, Max Zall, had so far completed the performance of said contract as to become entitled to the mortgage of Twenty Thousand Dollars ($20,000) above referred to and which was to be delivered to him on or about May 1st, 1923." It is further determined that the plaintiff should have judgment against the owner for $18,661.39, the amount claimed in its complaint. Defendant, appellant, asserts that nothing was owing to the contractor May 21, 1923, when the lien was filed, and that nothing became due thereafter; on the contrary, that the contractor had been overpaid, and refers to the evidence given on behalf of the appellant showing that prior to the filing of the lien, payments

aggregating about $36,000 on the original contract and $7,000 for additional work had been made. Plaintiff answering this argument·says that the overpayment in money was an acceleration of the payments which, under the contract, were to be made. during the summer of 1923·and the years 1924 and 1925, and that the $20,000 payment to be made by means of the mortgage was due at the time the lien was filed, and further, that prior to the judgment in this action, the mortgage, had it been executed, would have been due and payable and thus that the amount of plaintiff's lien should be paid by appellant.

I am unable to agree with plaintiff's contention. The rights of the lienor are measured by the rights of the contractor. If there was nothing due upon the contract when the lien was filed and if nothing became due thereafter, the lienor may not recover. (*Van Clief* v. *Van Vechten*, 130 N. Y. 571.) If the contract provision as to the giving of a mortgage amounted to an agreement for novation, this was for the benefit of the builder, and his payment of the amount in money and the acceptance thereof by the contractor discharged the obligation to give a mortgage. (*Savage* v. *United States*, 92 U. S. 382.) The failure to deliver property or security only creates the obligation to pay the value in money. (*Publishing Co.* v. *Steamship Co.*, 148 N. Y. 39.) The payments aggregating $36,000 were presumed to apply to amounts already due or to those soon to become due rather than to those of a later maturity. (*Farwell* v. *Importers & Traders' Nat. Bank*, 90 N. Y. 483, 490; *Anderson* v. *Daley*, 38 App. Div. 505; appeal dismissed, 159 N. Y. 146; *Kloepfer* v. *Maher*, 84 N. Y. Supp. 138.) Proof might be given requiring a determination that the mortgage was not to be a novation but only security for the $20,000 payment. (*Gass* v. *Souther*, 46 App. Div. 256.)

While the due date of the mortgage is mentioned in the contract, the date of its execution is not. The provision that interest is to be computed from May 1, 1923, is not tantamount to fixing the time when the mortgage was to be executed. The contract was made and the work begun in the fall of 1922. It was to be completed on June tenth, only forty days after the time interest was to commence upon the $20,000 mortgage payment. It must have been contemplated by the parties that labor would have been performed and materials furnished to the amount of the earlier cash payments and the proposed amount of the mortgage, in all, $40,000, by May 1, 1923, and that the $20,000 to be paid after the completion of the contract in the summer of 1923 and during the years 1924 and 1925 would pay for the items furnished and performed after May 1, 1923. When a contract is silent as to the

date that payment is to be made, it becomes due when services of that value have been performed. (*Cunningham* v. *Jones*, 20 N. Y. 486; *Gurski* v. *Doscher*, 112 App. Div. 345; affd., 190 N. Y. 536; *Cronin* v. *Tebo*, 71 Hun, 59; affd., 144 N. Y. 660; *Gminder* v. *Zeltner Brewing Co.*, 126 App. Div. 776.)

For the purposes of discussion, the finding of the referee that the contractor was discharged and the contract breached by the appellant is adopted. The measure of damage would be the entire contract price after deducting the installments already paid and the amount which it would have cost to complete the work. (Restatement, Contracts, § 346; *Washburne* v. *Property Owners Co-operative Assn.*, 209 App. Div. 365; affd., 240 N. Y. 663; *McMaster* v. *State of New York*, 108 id. 542, 556; *Industrial Engineering Co.* v. *Republic Storage Co., Inc.*, 220 App. Div. 178.) The referee failed to make a finding as to the amount earned, due and unpaid upon the contract at the time the lien was filed, to support the conclusion which he makes as a finding of fact that Zall " had so far completed the performance of said contract as to become entitled to the mortgage " of $20,000 at the time of his discharge. Neither is there a finding that the installments paid under the contract and the amount expended for its completion after Zall ceased his work was less than the contract price. Thus, there should be a reversal and a new trial.

Such a result also is necessary because of circumstances connected with the making of the decision. The referee took no steps toward the decision of this case for a little over three years after its submission and the presentation of proposed findings by the parties. Through an inquiry made by appellant's attorney at the office of one of the counsel for the plaintiff, suspicion was aroused that appellant contemplated giving the notice that he elected to terminate the reference. This information was communicated to the referee and the decision hurriedly prepared by plaintiff's counsel and taken to the referee for his signature. It has been determined that the referee won the race against the notice of termination by a few hours. (*Farm Supplies Corp.* v. *Goldstein*, 236 App. Div. 751.) However, a decision, prepared by the attorney for one party, signed by a court having knowledge that the other party was seeking to deprive him of jurisdiction, is surrounded by a non-judicial atmosphere. Should a new trial ultimately become necessary before a referee, it is to be hoped that the trial court, in the interest of speed and economy, will send the matter to an official referee, and that the parties may reduce the cost by stipulating such portions of this 800 page record as they may into the new record, thus obviating the calling of a great number of witnesses.

The judgment should be reversed on the law and facts, with costs, and a new trial granted. The order appealed from should be affirmed, without costs.

McNAMEE and HEFFERNAN, JJ., concur; RHODES and BLISS, JJ., concur in the result.

Judgment reversed on the law and facts and new trial granted, with costs to the appellant to abide the event. Order appealed from affirmed, without costs. The court reverses findings of fact numbered three, four and five.