In the Matter of the Application of MORTON LEXOW, Petitioner, Respondent, for a Peremptory Mandamus Order against MORRIS S. TREMAINE, Comptroller of the State of New York, Defendant; MICHAEL C. McELIGOT, Impleaded Defendant, and COMMERCIAL CASUALTY INSURANCE COMPANY, Impleaded Defendant, Appellant.

Third Department, October 27, 1937.

*I. J. Beaudrias*, for the impleaded defendant, appellant.

*William H. Jenkins, Jr.* [*Ellis J. Staley* and *Thomas T. Heney* of counsel], for the petitioner, respondent.

*John J. Bennett, Jr., Attorney-General*, for the defendant.

*Wayne L. Tyson*, for the impleaded defendant.

HILL, P. J. This appeal involves the priority of the lien of an attorney under section 475 of the Judiciary Law. The defendant McEligot contracted with the State concerning construction at Letchworth Village. The appellant insurance company, as surety, executed bonds to the State in his behalf and was required to advance moneys to his creditors and incur other expenses. It obtained from him an assignment in 1929, the essential part reading, " For value received I hereby assign, transfer and set over to Commercial Casualty Insurance Co., its successors and/or assigns, as collateral security, my claim about to be filed and prosecuted against the State of New York   *   *   *, to the extent of all losses, damages or charges of every nature or description incurred or borne by the said Commercial Casualty Insurance Co. in connection with or arising out of bonds executed on behalf of the said Michael C. McEligot." Respondent represented the claimant before the Court of Claims, and in March, 1936, obtained a judgment for the sum of $32,821.65. The value of respondent's service has been agreed upon at $10,000, with disbursements of $1,414.82. The order of mandamus appealed from directs the Comptroller to pay that sum to him. The amount of the insurance company's claim against McEligot has been fixed by a judgment of the Supreme Court, dated December 14, 1936, at $23,879.90. The insurance company contends that it should receive the full amount of its judgment, and that the balance of the fund — about $9,000 — be paid to respondent by the Comptroller. At the time of the assignment, the amount of the claim of McEligot against the State was unliquidated. The assignment states that the claim was to be " filed and prosecuted," which shows that the parties understood that there would be attorney's fees. It was through the efforts of the attorney that the judgment was obtained. He was working for McEligot but indirectly for the collateral assignee. The petitioner is entitled to be paid in full. (Judiciary Law, § 475.) *Matter of Loomis* (273 N. Y. 76) is not an authority.

There the amount owing by the State had been liquidated and the share belonging to the descendants of each of the two partners definitely determined, and the attorney for the descendants of one of the partners was not permitted to retain a fee from the amount belonging to the descendents of the other partner, they not having retained him.

The order should be affirmed, with fifty dollars costs.

McNamee, Crapser and Heffernan, JJ., concur; Bliss, J., dissents, with an opinion.

Bliss, J. (dissenting). The point on which I differ from my brethren is their holding that the lien of Attorney Lexow on the fund in the hands of the State Comptroller available for the payment of the Court of Claims judgment is superior to the interest of the appellant Commercial Casualty Insurance Company under its assignment.

Michael McEligot had a contract with the State for construction work. Out of the performance of this contract arose his claim against the State. On June 11, 1929, he made an assignment to the appellant Commercial Casualty Insurance Company of this claim, which was about to be filed, as collateral security for all losses incurred by the insurance company on account of bonds executed by it in McEligot's behalf. The claim was then filed and tried in the Court of Claims, and on appeal in our court. (*McEligot* v. *State*, 246 App. Div. 121.) On the trial and appeal the respondent Lexow was the attorney-of-record for McEligot. The casualty company was represented in these courts by its own attorney. In the Court of Claims it proved the assignment, but the court declined to determine the extent of the assigned interest upon the theory that it had no jurisdiction to do so. The judgment as finally entered in the Court of Claims, after the appeal to our court, was in favor of both McEligot, claimant, and the insurance company, as assignee, and amounted to $32,821.65. Since then, in a separate action in the Supreme Court, Chenango county, brought by the insurance company against McEligot, it has been determined that the interest of the company in the judgment prior to that of the claimant McEligot is $23,879.90, and that the insurance company is first entitled to be paid this sum out of the money in the hands of the Comptroller applicable to the payment of the judgment of the Court of Claims.

Respondent Lexow was not a party to this Supreme Court action. In the meantime he instituted the proceeding which is now before us on appeal and in which it has been held that he is entitled to a peremptory mandamus order requiring the Comp-

troller to pay him $11,414.82 for his services and disbursements as attorney for McEligot ahead of the payment of the amount due appellant under the assignment.

The court below was of the opinion that the respondent Lexow's attorney's lien was superior to the prior assignment. This holding was made upon the theory that the assignment involved a claim about to be filed and prosecuted and that there was no fund then in existence, nothing but the expectancy of a fund to be created after prosecution of the claim, and that its very nature implied the necessity of an attorney's services. The court said that the attorney's lien was statutory and the insurance company, therefore, was presumed to have notice thereof and that it was not in a position, either as a matter of law or in equity, to dispute the priority of the attorney's claim to the fund to which his lien for services attached. No authorities were cited in support of this conclusion.

The return of the insurance company alleges, and we must assume it to be true, that the company had made no agreement, directly or indirectly, to compensate Lexow for any services rendered by him in connection with the prosecution of the McEligot claim. The original claim filed by McEligot with the Court of Claims showed that his claim had been assigned to the insurance company for the purpose of securing it for advances so that Lexow had full knowledge of the assignment.

Section 475 of the Judiciary Law gives to an attorney who appears for a party a lien upon his client's cause of action or claim, which attaches to a judgment in his client's favor. Thus the respondent Lexow, who was attorney-of-record for McEligot, had a lien upon his client's claim before judgment. He did not represent the interest of the insurance company in the claim or judgment. All that he represented in the Court of Claims was his own client's interest in the claim, and this was subject to the prior assignment to the appellant. The relation of attorney and client must exist to create an attorney's charging lien. An attorney's lien is subject to any rights in the property which are valid against the client at the time the lien attaches. (7 C. J. S., Attorney and Client, § 229, p. 1176; 5 Am. Jur., Attorneys at Law, § 227, p. 398.) The appellant's interest in the claim and judgment was superior to that of McEligot and, therefore, superior to that of his attorney. An attorney's charging lien is statutory and is acquired subject to existing and known equities. (*Columbia Ins. Co.* v. *Artale*, 112 N. J. Eq. 505; 164 A. 864; affd., 114 N. J. Eq. 268; 168 A. 304.) An attorney may not have a lien on moneys not payable to his client (*Dunn* v. *Bleeck*, 246 App. Div. [3d Dept.] 382), and his interest in the pro-

ceeds of the litigation depends upon a final determination that his client is entitled to them. (*Smith* v. *First National Bank of Albany*, 184 App. Div. [3d Dept.] 719.)

It may well be that the insurance company benefited by the attorney's efforts, but that is not the test. That does not entitle the attorney to a lien upon the interest of a client he did not represent or the moneys due to a litigant for whom he did not appear and by whom he was not employed. (*Matter of Loomis*, 273 N. Y. 76.) The claim demanded judgment for $59,662.55, so that McEligot's interest therein after payment of the amount assigned to the insurance company was substantial. Lexow's retainer, therefore, was made and accepted in the possibility of a recovery substantially in excess of the insurance company's interest in the claim. And his own client's interest was promoted by the recovery of an amount sufficient to pay the insurance company assignee in full, as that would satisfy his client's indebtedness to the company. Respondent's own client's interest demanded that the judgment be as large as possible, and it was for McEligot and not the insurance company that he performed his services.

The order should be reversed in so far as it grants the respondent Lexow a right in the judgment superior to that of the appellant, and should first direct the payment of the appellant's share and then direct the payment of the remainder to the respondent Lexow.

Order affirmed, with fifty dollars costs and disbursements.