HARRY S. TRAVIS, Plaintiff, *v.* FREDERICK O. R. NANSEN, DANIEL E. HEAGNEY, AUDREY HEAGNEY, BINGHAMTON STANDARD MATERIALS CORP., JOHN J. HONNICK and GEORGE HONNICK, Defendants.

Supreme Court, Special Term, Broome County, March 31, 1941.

*Harry S. Travis*, for the plaintiff.

*Becker & Mossew*, for the defendants John J. and George Honnick.

Deyo, J. This action is brought by the plaintiff to foreclose an attorney's lien against a sum of money paid into court as the proceeds of a judgment rendered in favor of the defendant Nansen and against the defendants Heagney in two earlier cases.

In October and November, 1939, the plaintiff, as attorney for the defendant Nansen, a contractor, instituted actions against the defendants Heagney to recover on his contract and for extra services rendered in connection with the erection of a home for the Heagneys. These actions were consolidated and brought to trial before a referee who found that the Heagneys were indebted to Nansen in the amount of $408.50 for extra work and that Nansen was indebted to the Heagneys in the amount of $257.11 on the contract, leaving a balance in Nansen's favor of $151.39, for which judgment was entered in favor of Nansen in November of 1940.

Subsequent to the institution of these actions, and on February 6, 1940, the defendants Honnick filed notice of a mechanic's lien for work, labor and services performed at Nansen's instigation between August 1 and November 15, 1939, and thereafter they commenced an action to foreclose the same.

The specific question to be determined on this motion is whether or not the plaintiff, by virtue of section 475 of the Judiciary Law, has a lien superior to the mechanic's lien acquired by the defendants Honnick.

Section 475 of the Judiciary Law, which enlarged the scope of the " charging " lien, as it was interpreted at common law, provides: " From the commencement of an action, special or other proceeding in any court or before any State or Federal department, except a department of labor, or the service of an answer containing a counterclaim, the attorney who appears for a party has a lien upon his client's cause of action, claim or counterclaim, which attaches to a verdict, report, determination, decision, judgment or final order in his client's favor, and the proceeds thereof in whatever hands they may come; and the lien cannot be affected by any settlement between the parties before or after judgment, final order or determination. The court upon the petition of the client or attorney may determine and enforce the lien." This lien is designed to protect the interests of an attorney through whose efforts a judgment has come into being and attaches to a cause of action " the moment that the action is begun," and continues as against any subsequent recovery. (*Matter of Heinsheimer*, 214 N. Y. 361.) " The theory upon which the lien is upheld is that the attorney has, by his skill and labor, obtained the judgment, and that hence he should have a lien thereon for his compensation, in analogy to the lien which a mechanic has upon any article which he manufactures." (*Williams* v. *Ingersoll*, 89 N. Y. 508, at p.

517.) By the explicit provision of the statute and by judicial determination the lien attaches to a judgment procured through the efforts of an attorney in favor of his client, and in the instant case there can be no question but that the plaintiff acquired such a lien from the moment he instituted the action in which the judgment was rendered. Neither docketing nor filing is required with respect to an attorney's lien.

On the other side of the picture, the defendants Honnick claim they too have a lien on the selfsame judgment and its proceeds which is superior to that of the plaintiff. Section 3 of the Lien Law grants a lien upon the real estate improved, to one who performs labor and services thereon, "from the time of filing a notice of such lien." Under section 4 of the Lien Law, if the services are rendered to a contractor, which is the case here, "The lien shall not be for a sum greater than the sum earned and unpaid on the contract at the time of filing the notice of lien, and any sum subsequently earned thereon." A subcontractor's lien is derivative in nature, and his rights as lienor are measured by the rights of the general contractor. In this respect, the defendants Honnick stand in the shoes of Nansen. (*Szemko* v. *Weiner*, 176 App. Div. 620; *Kalt Lumber Co.* v. *Sterner*, 121 Misc. 505.)

Nansen's interest in the judgment and its proceeds is and was at the time the mechanic's lien was filed incumbered by his attorney's lien which came into being, not by any voluntary act on the part of Nansen, but by virtue of the statute.

The cases cited by the defendants, which hold in effect that a party may not by his voluntary act defeat the rights of a nechanic lienor, are not applicable to the case at bar. I find nothing in section 13 of the Lien Law dealing with priorities, or in section 36-a prohibiting the contractor from diverting funds received by him, which would deprive an attorney of his statutory lien. I am of the opinion, under the circumstances herein presented, that the plaintiff has a lien upon the money which has been paid into court which is superior to that of the defendants Honnick. Unless the parties can come to some agreement, evidence must be taken to determine the amount of the plaintiff's lien. An order will, therefore, be granted directing that proof be taken at a Special Term of this court to be held at the Court House in the city of Binghamton, on the 4th day of April, 1941, at ten A. M., or as soon thereafter as counsel can be heard, as to the amount of the lien. Thereafter a further order will be granted directing judgment in favor of the plaintiff for the amount found to be due him. Ten dollars costs allowed on this motion against the defendants Honnick and the matter of costs in the action will be determined at the time judgment is directed to be entered. Submit order accordingly.