ERNEST A. DRAKE, Doing Business as DRAKE HEATING Co., et al., Plaintiffs, *v*. PIERCE BUTLER RADIATOR CORPORATION, Defendant.

Supreme Court, Special Term, Onondaga County, July 10, 1952.

*James E. Wilber* for Bond, Schoeneck & King, petitioners.

*Paul J. Shea* for defendant.

MALPASS, J. This is an application in behalf of the attorneys for the plaintiff above named, who will be referred to herein as petitioners, for an order declaring that said attorneys have a

lien upon the judgment procured by the plaintiff herein which petitioners claim is superior to any setoff granted to the defendant by reason of the amount remaining unpaid on a judgment now held by the defendant against the plaintiff and his wife, Mary B. Drake.

It appears that the plaintiff, Ernest A. Drake, acted as distributor of the products manufactured by the defendant under the terms of a so-called distributorship contract and that during the course of their business relations the plaintiff executed and delivered to the defendant a series of promissory notes which notes were indorsed by his wife, Mary B. Drake, and that later the defendant indorsed said notes to a corporation known as the Consolidated Credit Corporation, with recourse. The notes were not paid when they became due and the Consolidated Credit Corporation brought an action against the plaintiff, his wife, Mary B. Drake, and the defendant to recover the amount due on said notes. The plaintiff herein, Ernest A. Drake, and his wife, Mary B. Drake, interposed an answer in the action brought by the Consolidated Credit Corporation. Upon motion of the Consolidated Credit Corporation, the Drakes' answer was stricken out and summary judgment granted against the Drakes for the amount due on the aforesaid notes, on the ground that the Consolidated Credit Corporation was a bona fide holder of the notes and that the allegations of the answer interposed by the Drakes did not constitute a defense to the Consolidated Credit Corporation claim. This judgment was entered on August 30, 1948. On September 8, 1948, the instant plaintiff, Ernest A. Drake, began this action by the service of a summons and complaint. The Consolidated Credit Corporation, as judgment creditor, instituted supplementary proceedings against the Drakes and on October 11, 1948, procured the appointment of a receiver of their property. The receiver qualified by the filing of his bond on October 15, 1948. Thereafter the receiver was authorized to employ as his counsel the same attorneys who represented the Consolidated Credit Corporation in the supplementary proceedings and also represented the defendant as counsel upon the trial of the instant action. The defendant acquired, by assignment dated October 8, 1948, ownership of the Consolidated Credit Corporation judgment against the Drakes but continued the proceedings to enforce collection of the judgment in the name of the judgment creditor, Consolidated Credit Corporation. The answer of the defendant in the instant action, which was verified November 17, 1948 (seventy days after the

commencement of the action), alleged the assignment to the defendant of the judgment which the Consolidated Credit Corporation had recovered against the plaintiff, Drake, and his wife and claimed the right of offset against any award to the plaintiff in the instant action to the extent of the amount of said judgment. The answer also denied generally the allegations of plaintiff's complaint and asserted a counterclaim in favor of the defendant against the plaintiff in addition to the right of offset of the Consolidated Credit Corporation judgment. Plaintiff served a reply to the counterclaim of the defendant and the issues arising from these pleadings were tried before an Official Referee to whom the matter had been referred. During the trial the receiver was joined as a party plaintiff and the petitioners continued to act as attorneys for both Drake and the receiver. The trial was a lengthy one covering a period of several days and the Official Referee rendered a judgment in favor of the plaintiff and against the defendant as follows:

"Now on motion of Bond, Schoeneck & King, plaintiff's Attorneys, it is hereby Adjudged that the said plaintiff do recover of the said defendant the sum of $11,075.75 together with $167.00 for plaintiff's costs and disbursements as adjusted in said action, amounting in all to $11,242.75 and that there should be deducted therefrom whatever sums remain unpaid on the judgment which defendant holds against the plaintiff and his wife, Mary B. Drake, together with the costs and expenses of the receivership and the plaintiff have execution for the balance therefor." Upon appeal to the Appellate Division, the judgment was affirmed with certain modifications which denied recovery as to certain specified items which had been allowed by the referee and reduced the amount of the judgment. The order of the Appellate Division affirming and modifying the judgment was as follows:

"And it is hereby further ordered that the judgment so appealed from be, and the same is modified on the facts, by reducing the award thereon to $5,228.89 and as so modified the judgment is hereby affirmed, without costs of this appeal to any party."

The judgment so modified by the Appellate Division, amounts to an adjudication in favor of the plaintiff on all of the issues raised by the pleadings subject to the right of the defendant to offset in this action the balance remaining due and unpaid on the judgment recovered by Consolidated Credit Corporation and assigned to the defendant, Pierce Butler Radiator Corporation.

The petitioners claim that their lien for services and disbursements under section 475 of the Judiciary Law cannot be defeated by allowing a setoff of the Consolidated Credit Corporation judgment but that they are entitled to a lien for services rendered and disbursements made in securing an affirmative judgment in plaintiff's favor and that the setoff of the Consolidated Credit Corporation judgment should be allowed only against the balance of plaintiff's judgment in excess of their lien as attorneys.

The defendant claims that the amount remaining unpaid on the judgment recovered by Consolidated Credit Corporation which, since October 8, 1948, has, by assignment, been owned by the defendant, is greater than the amount of the judgment as modified by the Appellate Division and that the defendant is entitled to offset this amount against plaintiff's judgment and there remains no fund to which the plaintiff is entitled and, therefore, there cannot be granted any attorney's lien in favor of the petitioners for their services rendered or disbursements made in behalf of the plaintiff in this action. The defendant further asserts that petitioners have lost their right to any lien because of laches on their part in asserting their claim for a lien.

An attorney's lien (where the attorney represents a plaintiff) attaches " *From the commencement of the action* ". (Judiciary Law, § 475, italics supplied; *Matter of Peters [Bachmann]*, 271 App. Div. 518, mod. 296 N. Y. 974; *Matter of Heinsheimer [Meyer]*, 214 N. Y. 361–365; *Travis* v. *Nansen*, 176 Misc. 44.) In *Matter of Herlihy* (274 App. Div. 342) the court, at page 346, said: " [The lien of an attorney] has been generally held * * * to the extent of its amount, * * * to be regarded as an equitable assignment to the attorney of the funds produced by his efforts."

In *Beecher* v. *Vogt Mfg. Co.* (227 N. Y. 468), which involved facts somewhat similar to the instant proceeding, Judge Cardozo says, at page 472, in discussing the law applicable to the lien of an attorney: " His position has become the same as that of an equitable assignee * * * *From the beginning of the lawsuit, he stands as stood the attorney in Perry v. Chester [53 N. Y. 240], who held an equitable assignment, and thus gained the better right. In such circumstances, set-off of judgments, to the destruction of the lien, is neither within the words nor within the spirit* * * * *of the statutory law of counterclaim; and so the Appellate Divisions, though with little dis-*

*cussion of the earlier* authorities, have repeatedly adjudged."
(Italics supplied.) Section 475 of the Judiciary Law provides
that an attorney's lien " attaches to a verdict, report, determina-
tion, decision, judgment or final order in his client's favor and
the proceeds thereof in whatever hands they may come ". A
judgment recovered in a separate action and assigned to a
defendant cannot destroy the lien of the attorney for the plain-
tiff whose services have produced a judgment in his client's
favor. (*Independence Realty Corp.* v. *Reisman,* 79 N. Y. S.
2d 262, 263; *Reisman* v. *Independence Realty Corp.,* 195 Misc.
260, affd. 277 App. Div. 1020.) In *Smith* v. *Cayuga Lake
Cement Co.* (107 App. Div. 524) the court said, on page 527:
" It is settled beyond controversy that the lien of an attorney
for his services and disbursements in an action is superior to
that of the parties' right of set-off if the judgments were
rendered *in separate actions* although between the same
parties."

It is the claim of the defendant that the Official Referee in
granting the right of setoff to the defendant did so in the
exercise of his discretion and that it was intended not only to
permit a setoff of the judgment, but also, under the circum-
stances here existing, its legal effect was to destroy the attor-
ney's lien. An examination of the record of the trial renders
this contention of the defendant untenable. On June 30, 1950,
after the trial had been in progress for several days, the
defendant pressed the point of a defect of parties in that the
receiver of the plaintiff, Ernest A. Drake, in supplementary
proceedings, was not a party to the action and the Official
Referee made an order directing the receiver to be joined as
a party plaintiff which order was consented to by the receiver,
who was personally present in court. The receiver at that time
consented and agreed to the continuation of petitioners as attor-
neys for the plaintiff in the action. This was done with the
approval of the Official Referee. At that time discussion was
had as to the compensation of the petitioners for their services
and disbursements and the Official Referee in that connection,
stated to the receiver: " The plaintiff has ordered these min-
utes and I would think that the plaintiff would pay for them
and certainly if you have any recovery in this case the attor-
neys' fees together with whatever disbursements the attorneys
are compelled to expend or make would be a first lien on the
judgment. That is my understanding of the law."

This is entirely consistent with the wording of the judgment in relation to the setoff as follows: " It is hereby adjudged that the said plaintiff do recover from the said defendant the sum of $11,075.75 together with $167.00 for plaintiff's costs and disbursements, as adjusted in said action, amounting in all to $11,242.75 *and that there should be deducted therefrom whatever sums remain unpaid on the judgment which defendant holds against the plaintiff and his wife, Mary B. Drake, together with the costs and expenses of the receivership, and the plaintiff have execution for the balance therefor.*" (Italics supplied.)

In the instant action the petitioners acted as attorneys for the receiver as well as for Drake. Clearly the Official Referee had in mind that they were entitled to a lien for their services and disbursements in the conduct of this particular case as a part of " the costs and expenses of the Receiver." The attorneys for the defendant in the instant action had also acted as attorney for the receiver in all other transactions. It would have been improper, and was so conceded upon the trial, for them to represent the receiver in the instant action. It was necessary, therefore, for the receiver to be represented by a different attorney in this action and it is obvious that the appearance of the petitioning attorneys was agreed to by the receiver and approved by the Official Referee and was an efficient representation of the receiver in this action and they are certainly entitled to be compensated for their services. The procedure followed by the Official Referee was proper. (*Fitzpatrick* v. *Moses*, 34 App. Div. 242; Civ. Prac. Act, § 193; Judiciary Law, § 117.) The fact that a receiver of Drake's property had been appointed can have no effect upon the lien of petitioners. (*Matter of Peters* [*Bachmann*], 271 App. Div. 518, mod. 296 N. Y. 974, *supra.*)

In *Beecher* v. *Vogt Mfg. Co.* (*supra*) the court, at pages 473–474, said: " With the grip of the statute thus released, there need be little hesitation in choosing the path to follow. It is true that relief in equity by setting off one judgment against another is granted, not of right, but in the exercise of discretion. * * * *The discretion, however, is not unregulated by principle.* ' The courts of law and equity follow the same *general* doctrines on the subject of set-off.' * * * *Debts to be applied against each must be mutual* * * * *To be mutual they must be due to and from the same persons in the same capacity.* * * * *Assignees are not to be held subject to the burdens of independent counterclaims accruing after the assign-*

*ment * * * * Equity relaxes these rules, and goes beyond the law, only when the departure is necessary ' to prevent wrong and injustice ' * * * Here, in this record, is no case of wrong and injustice triumphant if a set-off be refused. Attorneys have by their labor produced a judgment. They have done so in reliance upon the assurance of the statute that the judgment, and the cause of action back of it, shall secure their pay. The debtors seek by the belated purchase of another judgment to frustrate the hope and belie the promise. Nothing that will move discretion to a departure from the rules of set-off as they prevail in courts of law, will be found in that endeavor."* (Italics supplied.)

The defendant urges that *Beecher* v. *Vogt Mfg. Co. (supra)* does not apply to the instant case for the reason that the judgment sought to be set off in the *Beecher* v. *Vogt Mfg. Co.* case was not assigned until after judgment had been rendered against the plaintiff in the prior action. In the instant action the judgment sought to be set off was not assigned to the defendant until a month or more after the instant action was begun, and, therefore, not until after the attorney's lien had attached (*Pond* v. *Harwood,* 139 N. Y. 111, 119–120). The debts were certainly not mutual and were not due to and from the same persons in the same capacity. This is necessary in order to permit a setoff. (*Beecher* v. *Vogt Mfg. Co., supra, Matter of People [Consolidated Ind. & Ins. Co.],* 287 N. Y. 34; *Matter of Proffen,* 175 Misc. 447.) The judgment of the Consolidated Credit Corporation was granted summarily on the ground that Consolidated Credit Corporation was the bona fide holder of a negotiable instrument. In that action the plaintiff Drake could not interpose the defense of a counterclaim against the instant defendant. The defendant did not seek to enforce by action its claim against the plaintiff, Drake, and his wife as maker and indorser respectively of the notes which had it been done would have afforded to the plaintiff, Drake, an opportunity to press his counterclaim against the defendant. Instead the defendant took an assignment of the Consolidated Credit Corporation judgment and in the name of the Consolidated Credit Corporation, as judgment creditor, instituted a supplementary proceedings for the examination of Drake and his wife, had a receiver appointed of their property, and procured an order authorizing the counsel for the instant defendant to act as attorney for the receiver. Also property belonging to the Drakes was levied on and sold under the Consolidated Credit Corporation judg-

ment. Under such circumstances it cannot be held that the Consolidated Credit Corporation judgment was a mutual debt and a proper setoff against plaintiff's judgment to the exclusion of the lien of the petitioners.

With reference to the claim of the defendant that the petitioners have lost their right to a lien by reason of laches, there does not seem to be any merit to this contention. The lien is of statutory creation (*Robinson* v. *Rogers,* 237 N. Y. 467) and does not require the giving of any notice in order to bring it into existence (*Barry* v. *Third Ave. R. R. Co.,* 87 App. Div. 543), in which case the court, at page 548, said: " The effect of this section of the Code " (now Judiciary Law, § 475) " was before the Court of Appeals in *Fischer-Hansen* v. *Bklyn. Heights R. R. Co.* (173 N. Y. 492) and *Peri* v. *N. Y. C. R. R. Co.* (152 id. 521) and in those cases it was distinctly held that the statute created a lien in favor of the attorney in his client's cause of action in whatever form it may assume in the course of the litigation, and enables him to follow the proceeds into the hands of third parties without regard to any settlement before or after judgment; that all the world must take notice of the lien, and that it is unnecessary for the attorney to give notice of his claim to the other party ". To the same effect is *Webb* v. *Parker* (130 App. Div. 92, 100).

For the foregoing reasons, I am of the opinion that the petitioners are entitled to a lien on the judgment in favor of the plaintiff, Drake, and the receiver, Jacob Benderson, which judgment, as modified by the Appellate Division, amounts to the sum of $5,228.89. Such lien is superior to any right of setoff in favor of the defendant for the unpaid balance on the judgment procured by the Consolidated Credit Corporation against Ernest A. Drake and Mary B. Drake, which judgment was assigned to the defendant herein after the commencement of this action. The amount of petitioners' lien cannot be determined upon the papers submitted upon this application and the matter will be referred to an Official Referee to hear the evidence as to the value of petitioners' services and disbursements and report to the court as to the amount thereof.

An order may be entered herein in accordance with the foregoing decision, with $10 costs to petitioners.