William F. Christiana, J.
Defendants contracted with one Weaver to purchase a lot in an area known as Brookbound Development. Weaver, who was a general contractor, undertook to build a dwelling on the premises sold. The usual deposit was made upon the execution of the agreement.
Plaintiff was engaged by Weaver to install the heating equipment in defendants’ dwelling. At such time, plaintiff was also doing other installations for Weaver, who was not only in default on these but was otherwise in serious financial difficulties, a fact known to the parties.
By reason of Weaver’s financial instability, plaintiff, after commencing the Bierau project, refused to complete the work. Thereupon, defendant Dudley Bierau and Weaver called on the plaintiff at the latter’s office, where, it is alleged, Bierau made oral commitments which induced plaintiff to finish the installation of Bierau’s heating system.
Title was closed, after some delay, on July 21, 1958, at which time, Bierau paid Weaver the full balance called for under their contract. Weaver failed to discharge in full his obligation to plaintiff.
Subsequently, and on August 8, 1958, plaintiff filed notice of a mechanic’s lien against defendants’ property which was continued by order for an additional year. Prior to its extended expiration, plaintiff instituted an action to foreclose such lien. Defendant answered and now moves for summary judgment dismissing the complaint and discharging the lien.
It is beyond dispute that where the general contractor is fully paid prior to the filing of the lien the lienor may not collect from the owner of the property. If nothing is due the general contractor when the lien is filed, the lienor may not look to the owner of the premises for payment. (Soll v. Camardella, 277 App. Div. 1004; W. E. Blume, Inc. v. Postal Tel. Cable Co., 265 App. Div. 1062; Lien Law, § 4.) The reason is of course obvious. If the property owner is to be exposed to liens filed after he has fully satisfied his obligation to the general contractor he would be doubly emperiled with possible liability to every subcontractor and materialman to whom the general contractor was committed to make payment. As was indicated as early as *703 Carman v. McIncrow (13 N. Y. 70) if a party furnishing materials is unwilling to rely on the general contractor’s integrity, he should protect himself by acting promptly in giving his notice of lien.
Even so, plaintiff argues that a question of fact exists as to whether defendant, Dudley Bierau, by reason of his conversations with plaintiff, became a guarantor of plaintiff’s claim, and for this reason, summary judgment will not lie. Defendant responds that no question of fact can exist since an oral promise by Bierau, if made, would be confronted with the provisions of subdivision 2 of section 31 of the Personal Property Law.
These questions are secondary. They may perhaps be litigated in a separate independent action. The primary inquiry on this motion is the validity of the lien. If the lien is unenforcible issues which might otherwise arise under it must cede.
In the opinion of this court, the lien is a nullity. The rights of the plaintiff as lienor must be measured by whatever rights Weaver, as a general contractor, had against defendants at the time of filing the notice of lien. (Farm Supplies Corp. v. Goldstein, 240 App. Div. 330; Van Clief v. Van Vechten, 130 N. Y. 571; Travis v. Nansen, 176 Misc. 44.) Such rights had been extinguished by defendant’s payment in full to Weaver prior to the time plaintiff filed his notice of lien. No fund then existed to which a lien could attach. Where there is no fund, there is no lien, and hence there can be no foreclosure.
The motion for summary judgment is granted. An order may be submitted on notice, without costs, directing judgment in favor of defendants dismissing the complaint and discharging the notice of lien.