OPINION OF THE COURT
John S. Lockman, J.
Motion by interpleaded, Weg Myers & Jacobson, P. C., for summary judgment pursuant to CPLR 3212 giving it priority with respect to its attorney’s lien on the fund and directing payment thereof, is granted to the extent herein set forth.
The affirmation of Gary E. Linderath of the movant’s law firm, Weg Myers & Jacobson, P. C., a copy of the retainer agreement, the admissions in paragraphs sixth, seventh and eighth of verified answer of defendant Atom Foreign Auto Parts, Inc., the admissions in paragraphs 8, 9, 10, 11 and 12 of the complaint, sufficiently establish a prima facie showing that the movant law firm has a lien upon its client’s (Atom Foreign Auto Parts, Inc.) cause of action which attaches to the settlement and the proceeds thereof in whatever hands they may come. (Judiciary Law, § 475; see, also, 7 NY Jur 2d, Attorneys at Law, § 187.) The plaintiff’s attorney’s affirmation, claiming that the motion is premature, has no merit. “Jurisdiction over the fund against which the lien is sought to be enforced empowers the court to entertain the proceeding to enforce the lien.” (Matter of Levine, 154 Misc 700, 702, affd 247 App Div 19.) This special lien of an attorney for services rendered in an action is superior to the claim of a judgment creditor levying execution (see Fliashnick v Burke, 176 *251 App Div 367). “Creditors of the client are not privy to the retainer agreement and are not necessary parties to a proceeding”. (Matter of Peters [Bachmann], 272 App Div 518, 522.)
The affidavit of the president of defendant, Murray A. Levy & Co., Inc., claiming a priority over the attorney’s lien, by reason of an assignment from Atom Foreign Auto Parts, Inc., to adjust the fire loss, lacks merit. The attorney’s lien is superior to the rights of one to whom the client assigned the claim which resulted in the settlement. (Cf. Matter of Lexow v Tremaine, 252 App Div 307, affd 277 NY 657; Steuart v D’Esterre, 170 NYS 936, affd 187 App Div 935.) This special charging lien of an attorney, being created by statute, as stated in Matter of City of New York (U.S.A.-Coblentz) (5 NY2d 300, 307), “does not require the giving of any notice in order to bring it into existence (Matter of Drake v. Pierce Butler Radiator Corp., 202 Misc. 935) for it is generally regarded as an equitable assignment to the attorney of the fund procured by his efforts to the extent of the amount of his lien (Matter of Herlihy, 274 App. Div. 342).”
Even though the Internal Revenue Service’s notice of levy with respect to taxes owed by Atom Foreign Auto Parts, Inc., was given to Aetna Life and Casualty Co. on March 21, 1980 prior to the date December 23, 1980 of Atom’s retainer agreement with Weg Myers Jacobson & Shier, P. C., such Federal tax lien is not superior to the attorney’s lien under the provisions of title 26 (§ 6323, subd [b], par [8]) of the United States Code. (See, also, 34 Am Jur 2d, Federal Taxation [1983 ed], par 9430, p 1022.) There is no claim that the retainer agreement is unreasonable or unconscionable.
Summary judgment is, therefore, granted in favor of the interpleaded defendant law firm, Weg Myers & Jacobson, P. C., of 116 John Street, New York, 10038 against the other claimants to the fund in the amount of $8,333.33 (i.e., one third of the settlement of $25,000). No claim has been made by said law firm for costs and disbursements.