OPINION OF THE COURT
Ernest L. Signorelli, S.
In this contested accounting proceeding, the parties have settled their differences, and objections have been withdrawn pursuant to the terms of a stipulation filed with the court. Accordingly, this matter shall continue as an uncontested proceeding.
The petitioner requests that the following relief be granted: (1) that the court fix and approve the fees of his attorney and *571 allow the expenses of his office, (2) that the court authorize the payment of a claim against the estate for legal services rendered to the decedent during his lifetime, and (3) that, due to the insolvency of the estate, the court determine that European American Bank has priority over the remaining claimants thereof, and therefore, should be paid the balance of estate funds in full satisfaction of its claim.
With respect to the first item of relief requested by the petitioner, after careful evaluation of the nature, extent and details of the services performed by counsel, the court finds the fee requested by him to be fair and reasonable. (Matter of Freeman, 34 NY2d 1 [1974]; Matter of Potts, 123 Misc 346, affd 213 App Div 59, affd 241 NY 593 [1925].) Accordingly, the court hereby fixes and approves the fee of the attorney for the petitioner in the full amount requested, for all services rendered and to be rendered, including submission of the decree herein and distribution thereunder. In addition, the court fixes and allows the office expenses of the petitioner in the full amount sought, pursuant to the provisions of SCPA 1207 (4).
With respect to the balance of the relief requested by the petitioner, an examination of the account, herein, reveals that this estate is insolvent. More particularly, schedule F thereof indicates that there is approximately $17,505 of estate assets on hand, with which to satisfy unpaid administration expenses, as well as the claims of general and judgment creditors, amounting to approximately $29,393.
The provisions of SCPA 1811 establish the order in which the debts of an insolvent estate shall be satisfied by the fiduciary. Significantly, the statute directs that, after satisfaction of administration expenses, claims against an estate shall be paid in the following order of priority:
"(a) Debts entitled to a preference under the laws of the United States and the state of New York. * * *
"(c) Judgments docketed and decrees entered against the decedent according to the priority thereof respectively.
"(d) All recognizances, bonds, sealed instruments, notes, bills and unliquidated demands and accounts.” (SCPA 1811 [2].)
The petitioner requests court authorization to satisfy the claim against the estate for legal fees and disbursements incurred in connection with services rendered to the decedent during his lifetime, in advance of all claims against the estate, including those of the judgment creditors. The record reflects that the law firm claimant was retained by the decedent for *572 the purpose of prosecuting a personal injury action on his behalf. Subsequent to the commencement of the litigation, the completion of examinations before trial, the filing of a bill of particulars, and a note of issue, the matter was settled for the sum of $17,500, which sum now constitutes the only asset of the decedent’s estate. The written retainer agreement between counsel and the decedent, a copy of which is annexed to their affidavit of services, provides for compensation on a sliding scale basis, and would entitle counsel to the legal fees which they are seeking herein.
Judiciary Law § 475 provides that "[f]rom the commencement of an action, special or other proceeding in any court * * * the attorney who appears for a party has a lien upon his client’s cause of action * * * which attaches to a verdict * * * determination * * * judgment or final order in his client’s favor, and the proceeds thereof in whatever hands they may come”. This section grants a charging lien to an attorney for the collection of his fee from the moneys recovered on behalf of his client. This lien is a preferred debt, with priority over the claims of all general and judgment creditors, except possibly those judgment creditors with a prior lien against the specific fund to which the charging lien is attached. (Aetna Cas. & Sur. Co. v Atom Foreign Auto Parts, 116 Misc 2d 250 [1982]; Bacon v Schlesinger, 171 App Div 503 [1st Dept 1916]; Matter of Lubin, 213 NYS2d 143 [1961]; cf., Spinello v Spinello, 70 Misc 2d 521 [1972]; see generally, 7 NY Jur 2d, Attorneys at Law, § 207.)
In the instant case, the judgment creditors of the estate have not claimed a lien prior to that of the law firm claimant with respect to the settlement proceeds in issue. Accordingly, in view thereof, and upon due consideration of the record herein, the claim of the law firm for fees and disbursements shall be satisfied in advance of all other creditors claims, including those of the judgment creditors, pursuant to the provisions of SCPA 1811 (2) (a). The petitioner is authorized to pay the sum of $6,323.55 to the law firm claimant as and for their fee for legal services rendered to the deceased, together with disbursements in the sum of $126.50. The balance of disbursements requested by counsel for photocopying and postage, amounting to $20, are denied inasmuch as these items constitute office overhead and are not reimbursable.
With respect to the claim of European American Bank, the record reflects the said creditor docketed its judgment in advance of all other judgment creditors, and is, therefore, *573 entitled to a priority as against the claims of the remaining creditors. The balance of estate funds, after satisfaction of the aforesaid expenses and claim for legal fees, shall, therefore, be paid to European American bank, in full satisfaction of its judgment debt, pursuant to the provisions of SCPA 1811 (2) (0.