In the Matter of the Estate of ADOLPH SCHWARZMANN, Deceased.

Surrogate's Court, Kings County, July 30, 1940.

*Wingate & Cullen* [*Cyrus S. Jullien* of counsel], for Edward A. Carter, as sole surviving trustee under the will of Adoph Schwarzmann, petitioner.

*Moos, Nathan, Imbrey & Levine*, for Isabelle Schwarzmann, as administratrix of the estate of Adoph Schwarzmann, Jr., as executor and trustee under the will of Adolph Schwarzmann, petitioner.

*Clarke, Carr & Ellis*, for heirs and next of kin of Emma Jannicky, legatee, respondents.

*Jackson, Fuller, Nash & Brophy*, for Frauen Verein de Deutschen Evangelischen Kircke, legatee.

*Albert W. Meisel*, for Brooklyn Free Kindergarten and others, legatees.

*Duryee, Zunino & Amen*, for St. John's Guild, legatee.

*George N. Whittlesey*, for the Children's Aid Society, legatee.

*Curtis, Mallet-Prevost, Colt & Mosle*, for Lenox Hill Hospital, legatee.

*Wood, Cooke & Seitz*, for the Brooklyn Children's Aid Society, legatee.

*Proskauer, Rose & Paskus,* for Mount Sinai Hospital, legatee.

*DeForest, Cullom & Elder,* for The Charity Organization Society of the City of New York, legatee.

*Larkin, Rathbone & Perry,* for Brooklyn Bureau of Charities, legatee.

*Latson & Tamblyn,* for the Brooklyn Association for Improving the Condition of the Poor, legatee.

WINGATE, S. The court understands from the memoranda of the parties that the sole question presented for present decision is whether it is permissible to set off obligations owing by distributees of a deceased legatee against the legacy due to the latter. No direct or pertinent authority has been cited to the court on the question, although the general conception respecting the subject is, as stated in *Beecher* v. *Vogt Mfg. Co.* (227 N. Y. 468, 473), that " Debts, to be applied against each other, must be mutual. * * * To be mutual they must be due to and from the same persons in the same capacity." On fundamental theory, therefore, the answer to the propounded question appears obviously to be in the negative.

The legacy here in issue was payable to Emma Jannicky, nominatim. As determined in a previous proceeding, this was a property right which vested in her at the date of death of the testator and consequently its title developed to her executor on her death. The fact that this title was received by him in a fiduciary capacity did not make him any less the complete legal owner thereof. An action or proceeding for its recovery could be brought by him alone. His *cestuis que trustent* possessed no power or control over it (*Linsly* v. *Bogert,* 87 Hun, 137, 138; *Bushe* v. *Wright,* 118 App. Div. 320, 332; affd., 195 N. Y. 509; *Matter of Eger,* 139 Misc. 59, 62; *Matter of Harbeck,* 142 id. 57, 68; *Matter of Meehan,* 104 id. 219; *Matter of Kistler,* 167 id. 528, 530), and a payment by the executor of the donor estate would not have satisfied the obligation to the estate of the donee. The distributees of the donee possessed no property right in any proper sense but merely one in personam against their own fiduciary.

The soundness of this principle appears obvious when it is recalled that the legacy, when received by the executor of the legatee, is held on a primary trust for the holders of obligations for administration and funeral expenses and debts of the legatee. It would, indeed, be an anomalous situation were it to be determined that the quantum of payment by the executor of the estate of the donor was dependent upon the wholly unrelated question of the financial situation in the estate of the legatees and its possession of funds

to meet in full all of its obligations and, perhaps, the claims of preferred beneficiaries.

It is well established that an executor, in his representative capacity, is a diverse legal person from that which he occupies as an individual (*Pardee* v. *Mutual Benefit Life Ins. Co.*, 238 App. Div. 294, 296; *Matter of Ebbets*, 149 Misc. 260, 267), and that a judgment recovered against a person in a fiduciary capacity is not binding or *res adjudicata* against the same person as an individual or *vice versa*. (*Rathbone* v. *Hooney*, 58 N. Y. 463, 467; *Collins* v. *Hydorn*, 135 id. 320, 324, 325; *Leonard* v. *Pierce*, 182 id. 431, 432. See, also, *Williams* v. *Fischlein*, 144 App. Div. 244, 245.)

Since a judgment against an individual is not binding upon the same person as a fiduciary, it would appear obvious as an *a fortiori* matter that an ordinary claim would not be, with the result, as indicated in *Beecher* v. *Vogt Mfg. Co.* (*supra*) that even though the executor of the Jannicky estate were its sole legatee and the debtor of this estate, setoff of the debt would not be permissible. This, of course, goes much further than the present situation in which the executor and legatee are diverse persons even as individuals.

It is accordingly determined, without consideration of any question of limitation of action, that the executor of this estate possesses no right to set off the debt of a legatee of the Jannicky estate against the distributive payment under the will of his testator.

It is the understanding of the court that with the decision of this question the parties will be able to compose their other differences respecting the present proceeding.

Proceed in conformity herewith.