In the Matter of the Estate of CHARLOTTA PROFFEN, Deceased.

Surrogate's Court, New York County, November 18, 1940.

*McClellan & Shrewsbury* [*Kenneth O. Shrewsbury* of counsel], for the petitioner.

*Olvany, Eisner & Donnelly*, for James F. Donnelly, respondent.

*William Walter Frankel*, for Herbert Cole, respondent.

*Frederick W. Hottenroth*, respondent *pro se.*

FOLEY, S. This proceeding was brought by the administrator *c. t. a.* of the estate to have determined the compensation of the attorney-respondent, Frederick W. Hottenroth, and the rights of certain of his assignees under formal instruments.

A preliminary question, which challenged the jurisdiction of this court, was raised by one of the respondents. That question is overruled. Full and complete jurisdiction exists in such a proceeding to determine the compensation of the attorney and the rights of those who claim through him. (Surr. Ct. Act, §§ 40, 231-a; *Matter of Raymond* v. *Davis*, 248 N. Y. 67.) Moreover, it is immaterial that the services were rendered in a tribunal other than the Surrogate's Court. If they were connected with the administration of the estate or with the collection of an asset or the resistance of a claim against the estate, the locale of the litigation does not preclude an award of reasonable compensation by our court. (*Matter of Levine,* 247 App. Div. 19, affg. 154 Misc. 700; *Matter of Abruzzo,* 139 id. 559; *Matter of Ufland,* N. Y. L. J. July 13, 1940, p. 101.)

The remaining questions are, *first,* the fixation of the reasonable compensation of the attorney-respondent, and *second,* the determination of the rights of the ultimate assignee to whom the respondent-attorney conveyed the amount of his fee and specifically whether a judgment, rendered against the original attorney, which was acquired by the estate subsequent to the assignments, may be employed as a setoff against the claim of the assignee.

The attorney-respondent here, Mr. Hottenroth, was originally retained by the former executors of the estate to recover damages against the city of New York suffered by the decedent in the ownership of certain real property. The written agreement of retainer was contingent It provided for the payment to the attorney of thirty-three and one-third per cent of the recovery. The instrument specifically assigned that share to Mr. Hottenroth out of any award that might be made to the estate. The amount of the award for damages has been finally fixed after long and extensive litigation and the moneys are now available for payment to the present representative of the estate.

The surrogate finds that the retainer agreement is enforcible and that the compensation payable under it is reasonable.

The further questions of the rights of the ultimate assignee and the validity of the setoff asserted by the estate remain for consideration.

The original agreement of retainer was dated March 15, 1926. During the progress of the litigation the attorney-respondent assigned his rights in his fee to one Herbert Cole by an instrument dated October 2, 1931. The assignment was based upon a valuable

consideration. The evidence establishes that Mr. Cole advanced a large sum of money to the attorney-respondent and took the assignment made by way of collateral security for the repayment of the loan. The loan has never been repaid. The course of the litigation dragged on for a period of thirteen years.

In 1939 Mr. Hottenroth engaged as his counsel a new attorney, James F. Donnelly. The latter's compensation was secured by a direct assignment from Mr. Cole of part of the fund covered by the assignment made by Mr. Hottenroth to him in 1931 and by a further assignment from Mr. Hottenroth under his original assignment from the executors made in 1926. The burden of protecting and collecting the award was then cast upon the new counsel and extensive services were rendered by him in the final appeals to the Appellate Division and the Court of Appeals, which resulted in an affirmance and in the final approval of the award now payable to the estate.

The administrator c. t. a. in the present proceeding seeks to defeat the right of Mr. Donnelly, the ultimate assignee, by asserting a setoff against the original assignor, Mr. Hottenroth. The setoff is based upon a judgment recovered against Mr. Hottenroth in the sum of $1,337.11 on May 18, 1937, in an action brought by the executors of one Charles H. W. Proffen. The latter was a legatee of the estate and the recovery was based upon moneys loaned to Mr. Hottenroth. The judgment was subsequently assigned to Charles F. Proffen in his individual capacity on March 9, 1938. It was further assigned by Charles F. Proffen in his individual capacity to himself as administrator c. t. a. of this estate on September 21, 1938.

There is no legal or equitable basis for the allowance of the setoff. The subsequent acquisition by the representative of the estate of a claim against the original assignor may not be used to destroy the rights of persons under assignments validly made long prior to the date of such procurement. A valid setoff of a claim against Mr. Donnelly would have been effective to extinguish his claim against the estate. A subsequently acquired claim against his original predecessor in title is worthless as a setoff. The rights of the original assignee, Mr. Cole, and his subsequent assignee, Mr. Donnelly, under the Cole assignment from Mr. Hottenroth, may not be defeated in that fashion. In order to be enforcible, a counterclaim or setoff must exist between the parties having reciprocal claims against each other. (*Beecher* v. *Vogt Mfg. Co.*, 227 N. Y. 468, 473; *Matter of Schwarzmann*, 174 Misc. 834.) In the *Beecher* v. *Vogt Mfg. Co.* case (*supra*) Judge CARDOZO wrote: " Debts to be applied against each other, must be mutual. (*Sawyer* v.

*Hoag,* 17 Wall. 610; *Libby* v. *Hopkins,* 104 U. S. 303; *Morris* v. *Windsor Trust Co.,* 213 N. Y. 27, 29.)    To be mutual, they must be due to and from the same persons in the same capacity.    *   *   * Assignees are not to be held subject to the burdens of independent counterclaims accruing after the assignment.    *   *   *   Attorneys have by their labor produced a judgment.    They have done so in reliance upon the assurance of the statute that the judgment, and the cause of action back of it, shall secure their pay.    The debtors seek by the belated purchase of another judgment to frustrate the hope and belie the promise.    Nothing that will move discretion to a departure from the rules of set-off as they prevail in courts of law, will be found in that endeavor." *(Matter of Maggio,* 169 Misc. 1039, 1041.)

By virtue of the terms of the retainer of Hottenroth by the executors, he acquired a lien upon the award which was alienable by him in whole or part.    *(Chester* v. *Jumel,* 125 N. Y. 237, 252; *Fairbanks* v. *Sargent,* 104 id. 108, 117; Greater N. Y. Charter, § 982; N. Y. City Administrative Code, § B15–31.0.)    Hottenroth, in turn, assigned his interest in this award to Cole for a valuable consideration, and this assignment took effect long before the estate acquired any interest in the judgment against Hottenroth.    No person, least of all the administrator *c. t. a.,* had any power to change or control or nullify the legal or equitable rights of any of the assignees whose rights had vested prior to the time the estate had acquired its claim against the original assignee.    *(Chester* v. *Jumel, supra.)*

Mr. Donnelly's status in the present proceeding is equally as strong as that of the attorney whose rights were sought to be defeated in *Beecher* v. *Vogt Manufacturing Co. (supra).*    He not only rendered services which resulted in the protection of the rights of the estate and in the procurement of the judicial determination which made the ultimate award of damages, but he rendered those services in reliance upon the assignment made in 1931 — seven years before the acquisition of the judgment now attempted to be used to destroy his claim.    His rights as the ultimate assignee are alone sufficient to justify an order directing payment to him of one-third of the amount of the award now payable to the estate.

My decisions in *Matter of Grifenhagen* (168 Misc. 568; 174 id. 559) and *Matter of Burr* (143 id. 877; affd., 239 App. Div. 774), which are cited by the petitioner here in favor of the allowance of the claim of the estate as a setoff, have no relevancy to the circumstances in the present proceeding.    In each of those cases the debt allowed as a setoff arose as an inherent part of the administration of the estate either by way of diversion of the assets by a trustee or

by the express obligation to the estate by the beneficiary against whom the setoff was asserted and allowed. Such a situation is far different from the facts here where the judgment was recovered by a person other than the representative of the estate and was acquired by the estate solely for the purpose of destroying rights which had vested previously to the acquisition of the judgment.

Submit order on notice directing payment by the administrator *c. t. a.* to James F. Donnelly of thirty-three and one-third per cent of the total amount of the award presently payable to the estate.

Since the assignments were recorded with the comptroller of the city of New York, pursuant to law, it would appear that the payment might be made directly by the city to Mr. Donnelly of the foregoing amount and the decree may contain an appropriate provision accordingly.