SELECT THEATRES CORPORATION, Suing on Behalf of Itself and All Other Stockholders of Shubert Music Publishing Corporation, Appellant, *v.* HARMS, INC., Respondent, et al., Defendants.

First Department, April 12, 1948.

*Milton R. Weir* of counsel (*William Klein* and *Adolph Lund* with him on the brief; *Klein & Weinberger,* attorneys), for appellant.

*Joseph D. Karp* of counsel (*Phillip Wattenberg* with him on the brief; *R. W. Perkins,* attorney), for respondent.

*Per Curiam.* Although, as a part of the relief sought, the complaint asks for a dissolution of the corporation in whose behalf this action is brought, the cause of action nevertheless is, in its essence, a derivative one brought on behalf of the corporation and not for the plaintiff's individual benefit. It was error, therefore, to refuse to strike out counterclaims interposed not against the corporation but against the plaintiff individually. Although amended section 266 of the Civil Practice Act (L. 1936, ch. 324), effective September 1, 1936, had liberalized the practice relating to the pleading of counterclaims, that section has not abolished the rule that the debts asserted between plaintiff and defendant must be mutual and, to be mutual, the debts must be to and from the same persons in the same capacity (*Matter of People* [*Consolidated Ind. & Ins. Co.*], 287 N. Y. 34, 38; *Matter of Proffen,* 175 Misc. 447, 449–450). Plaintiff in this action asserts no claim on behalf of itself. It has no standing in this action apart from that which is derived as a stockholder and, if successful, any recovery would inure not to the benefit of plaintiff but to the benefit of the corporation in whose behalf the action is brought.

The order appealed from should be reversed, with $20 costs and disbursements to the appellant and the counterclaims contained in the answer of defendant Harms, Inc., dismissed without prejudice.

GLENNON, J. P., DORE, COHN, CALLAHAN and SHIENTAG, JJ., concur.

Order unanimously reversed with $20 costs and disbursements to the appellant and the counterclaims contained in the answer of defendant Harms, Inc., dismissed without prejudice. **Settle order on notice.**