HAROLD MARVIN, Respondent, *v.* THOMAS J. HOFFMAN, INC., Appellant.

Fourth Department, November 12, 1952.

*J. Theodore Moses* and *Martin R. Bradley, Jr.,* for respondent.

*J. Carl Fogle* for appellant.

PIPER, J. Plaintiff sued for the difference between the wages he received and the wages agreed upon between defendant and the union under contracts entered into in 1937 and 1939. The answer alleged as a defense that the union contract contained a clause requiring arbitration and no request had been made to arbitrate and no arbitration had been had and further that after the execution of each union agreement defendant and its employees had entered into a parol agreement fixing the wages at the amount paid, which it conceded was less than the union contract called for.

The trial court sent special questions to the jury, who found in answer to the first question that an oral agreement had been made betweeen defendant and its employees, including plaintiff, and in answer to the second that plaintiff had complained to the defendant and to the union that he was not receiving the wages stipulated in the contracts between defendant and the union. The court set aside the verdict of the jury on the first question and directed a verdict for the plaintiff.

On this appeal defendant urges that the arbitration clause in the union contract and the plaintiff's failure to demand arbitration constituted a defense. It also urges that the parol agreement with plaintiff and its other employees nullified the scale of wages in the union contract and plaintiff's having accepted the lower wage and continued in defendant's employment constituted a waiver and estoppel on his part from collecting the union contract wage; and further, that whether or not a parol agreement had been entered into was a question of fact for the jury.

We think the decision in *American Reserve Ins. Co.* v. *China Ins. Co.* (297 N. Y. 322) has settled the arbitration question. There it was held that the defendant's sole remedy was to apply to the court for a stay of the action pending arbitration pursuant to section 1451 of the Civil Practice Act.

As to the subsequent parol agreements, we agree with the defendant that if such agreements constituted a defense, it was for the jury to determine the fact as to whether or not such agreements had been made between defendant and its employees. We reach the conclusion, however, that even though the parol agreements were made, they do not constitute a defense to plaintiff's cause of action.

The Legislature by chapter 171 of the Laws of 1934 enacted the original wage " kick-back " statute by adding a new section (962) to the Penal Law. By chapter 443 of the Laws of 1937 it added a new article to the Labor Law, known as the New York State Labor Relations Act. Section 700 of the statute reads in part as follows: " In the interpretation and application of this article, and otherwise, it is hereby declared to be the public policy of the state to encourage the practice and procedure of collective bargaining and to protect the exercise by workers of full freedom of association, self-organization, and designation of representatives of their own choosing, for the purpose of negotiating the terms and conditions of their employment or other mutual aid or protection, free from the interference, restraint or coercion of their employers."

By chapter 851 of the Laws of 1939, the Legislature amended section 962 of the Penal Law by adding a new paragraph which specifically prohibits a subsequent oral agreement to change the wage scale in an existing union contract; so as to any wages accruing after its effective date (June 13, 1939), the defendant was prohibited from urging the oral agreement as a defense. We think the legislative intent, as set forth in the prior statutes cited above, clearly established the public policy of the State and that the oral agreements alleged by the defendant, if made, were in contravention of that policy and do not constitute a defense to plaintiff's cause of action.

The judgment and orders should be affirmed, with costs.

All concur. Present — TAYLOR, P. J., McCURN, VAUGHAN, KIMBALL and PIPER, JJ.

Judgment and orders affirmed, with costs.