5. Samuel Di Falco, S.
In this proceeding to settle its account, the trustee has petitioned for a construction of the decedent’s will. The facts briefly stated which necessitate the construction are as follows:
The decedent died on April 15, 1917 leaving a last will and testament which was duly admitted to probate in this court in July of that year. In article Fourth of his will, the testator created a trust of his residuary estate for the benefit of his wife during her life and provided that “ upon the death of my said wife, I give, devise and bequeath my said residuary estate to the issue of our marriage absolutely and forever, if more than one the same to be divided equally between them equally share and share alike.” In article Fifth the testator provided:
“ Upon the death of my said wife Ella Virginia Whittemore leaving no issue of our marriage her surviving, I authorize and direct my executor hereinafter named to * * * divide the same or the proceeds thereof into three equal shares or portions, and pay over the same as hereinafter bequeathed, to wit:
‘ ‘ I give and bequeath to the children of my sister Anna P. Green, living at the time of the death of my said wife, one of such equal shares or portions, absolutely, the same to be divided among them equally share and share alike.
“ I give and bequeath to the children of my sister Maria L. Halsey, living at the time of the death of my said wife, one over of such equal shares or portions absolutely, the same to be *311 divided among them equally share and share alike.” (Emphasis added.)
The testator’s wife died on November 24, 1958 without issue. The testator’s sister, Anna P. Green, had five children, all of whom predeceased the testator’s widow. Three of these children left children who survived the termination of the trust. The testator’s sister, Maria L. Halsey, left one child who has survived the termination of the trust.
The basic question to be determined is whether the testator in his use of the word ‘ ‘ children ’ ’ intended to include more remote descendants, to wit, the grandchildren of Anna P. Green, or whether the testator in using the word 11 children” meant precisely that, to wit, only descendants of the first degree. Many authorities can be cited in support of both sides of the controversy. In the most recent case pertaining to the question decided by the Court of Appeals (Matter of Villalonga, 6 N Y 2d 477) the court held that the word £< children ” as used by the testator did not include grandchildren and cited with approval the rule set down in Matter of Schaufele (252 N. Y. 65). As therein stated (pp. 67-68), the rule is “ grandchildren are never interpreted as children unless the will as a whole shows that unmistakable intent. The term can be so interpreted only when reason demands it [citing cases]. Before such a construction is justifiable, other expressions or clauses in the will must be found tending to contradict the use of a word which denotes immediate offspring, and to reveal a design to include descendants of a later generation.” In the dissenting opinion of Judge Desmond in Matter of Villalonga (supra) the cases supporting the broader interpretation of the word £ ‘ children ’ ’ are cited with approval, particularly the rule as enunciated in Prowitt v. Rodman (37 N. Y. 42). In that matter, the court stated that the word ££ children ” is a very flexible expression and that ££ Children as well as issue may stand in a collective sense for grandchildren, where the justice or reason of the ease requires it ’ ’ (p. 54).
In the case at bar, the court is of the opinion that there is no necessity to resort to rules or canons of construction. The will is simple and unambiguous and the testator has stated his intent in clear language which should not be distorted by the strained application of rules and canons of construction. (Matter of Watson, 262 N. Y. 284; Matter of Rollins, 271 App. Div. 982, affd. 297 N. Y. 612; Matter of Bisconti, 306 N. Y. 442.) The testator amply and fully exhibited his understanding of and the legal implications of the language used by him. When referring to his own offspring or descendants he was careful to
*312 use the word ‘ ‘ issue ’ ’ thus indicating his intention to benefit all his direct descendants. However, when making the gift over in default of issue, he carefully made the gift to the “ children ” of his sister Anna P. Green living at the time of the death of his wife. The gift thus made is a gift to a class and the members of the class entitled to receive the gift cannot be ascertained until the termination of the trust. (Matter of Crane, 164 N. Y. 71; Clarke v. Cammann, 160 N. Y. 315; Doane v. Mercantile Trust Co., 160 N. Y. 494.) It was obviously the intent of the testator to benefit those of his sister’s living children Avho survived his Avife and it is unfortunate that he did not foresee the possible contingency that his Avife might outlive all of his sister’s children, but the failure of the testator to provide for this contingency cannot affect the result. (Doane v. Mercantile Trust Co., supra; Matter of O’Reilly, 132 N. Y. S. 2d 104.) As the gift made herein was part of the residuary estate and as no alternative or substitutionary gift over was made of the said remainder, that portion of the remainder bequeathed to the children of Anna P. Green must noAv pass as intestate property of the testator. (Wright v. Wright, 225 N. Y. 329.) The contention of Maria L. Halsey’s surviving daughter that the gift made to the children of Anna P. Green was a gift to a class of which she was a member, is without merit and cannot be sustained. If the gift were made to the children of the testator’s sister, Maria L. Halsey and the children of Anna P. Green then living, as expressed with reference to the possible failure of the gift to the Mary Washington Hospital, there would then be merit to the contention. The gift in this case Avas of a specific share of the residuary estate to the children of Anna P. Green and only the children of Anna P. Green constituted the class eligible to take.
The bequest of one third of the remainder to “ The Mary Washington Hospital for the Sick” shall be distributed to the Mary Washington Hospital Association Incorporated, the name by which it is now knoAvn.
Submit decree on notice or consent settling the account and construing the Avill accordingly.