■ In the Matter of the Final Accounting of MANUFACTURERS TRUST COMPANY, Respondent, as Trustee of a Trust Created for the Benefit of ELLA V. WHITTEMORE, under the Will of FIELDING L. WHITTEMORE, Deceased. ANNA P. DICKINSON et al., Appellants; WILLIAM F. WHITE, as Executor of ELLA V. WHITTEMORE, Deceased, et al., Respondents.— Decree settling final accounts, so far as appealed from unanimously modified on the law, on the facts, and in the exercise of discretion, to the extent of reducing the allowance of compensation for legal services to Adams & James, Esqs., attorneys for Virginia H. Twinch, from $2,500 to $1,000, and as so modified the decree is affirmed, with costs to the respondent executor payable out of the trust estate. Counsel fees for services rendered in unsuccessfully asserting the claim of this beneficiary, in the absence of proof that the difference was merited, should not exceed the fees awarded to the executor's attorneys, whose services were more directly beneficial to the trust estate and the decedent's estate. Settle order on notice. Concur — Breitel, J. P., Rabin, Valente, Stevens and Eager, JJ. [25 Misc 2d 309.]

■ LAZAR ASCHKENASY, Individually and on Behalf of TEICHMAN SPORTSWEAR COMPANY, INC., Appellant, v. VICTOR TEICHMAN et al., Respondents.— Order entered on November 13, 1959 unanimously reversed, on the law, the first defense and the second defense and counterclaim are stricken, and the denials contained in paragraphs 1, 2 and 5 of the answer are stricken as sham in accordance with the relief sought in the notice of motion, with $20 costs and disbursements to plaintiffs-appellants. Aside from the fact that the arbitration agreement among the stockholders does not appear to embrace the issues presented in this derivative stockholder's action, it may not be pleaded in the first defense, since defendants' exclusive remedy was to apply for a stay of the action pursuant to section 1451 of the Civil Practice Act (*American Reserve Ins. Co.* v. *China Ins. Co.*, 297 N. Y. 322; *Marvin* v. *Thomas J. Hoffman, Inc.*, 280 App. Div. 616). A reading of the prayer for relief indicates that the individual plaintiff is suing solely in the right of the corporation and not for his individual benefit. Under the circumstances a counterclaim may not be asserted against him as an individual (*Binon* v. *Boel*, 297 N. Y. 528; *Select Theatres Corp.* v. *Harms, Inc.*, 273 App. Div. 505). Settle order on notice. Concur — Botein, P. J., Breitel, Rabin, McNally and Eager, JJ.