Joseph A. Cox, S.
The decedent died August 11,1921, leaving a last will and testament which was duly admitted to probate in this court. In clause ninth of his will the testator created a primary trust of his residuary estate for the benefit of his wife and secondary trusts for his two children. The will provides: “ upon the death of my said wife, I direct that my said residuary estate shall be divided into as many shares as there shall be children of mine who shall have survived my wife * * * and I give to such issue * * * their share of my residuary estate as so divided * * * I direct that the same shall be continued to be held in trust during his or her lifetime, paying and applying the income to his or her use, and on the death of such child, to pay over and divide the principal to and among the issue of such child surviving him or her per stirpes and not per capita.”
The testator was survived by his wife, a son and a daughter. The testator’s wife died in 1954. The testator’s son died in 1960 without issue. A question of construction arises as to the disposition of the fund which had been held in trust for the benefit of the son. The testator made no provision in his will with respect to the disposition of the principal of this trust in the event of the son’s death without issue and, as the trust fund constituted a part of the residuary estate, that portion of the remainder now passes as intestate property of the testator (Wright v. Wright, 225 N. Y. 329; Matter of Whittemore, 25 Misc 2d 309). The trust remainder is payable to those persons entitled to the intestate property of the testator as of the time of the testator’s death in 1921 (Doane v. Mercantile Trust Co., 160 N. Y. 494).